In re CHESTNUT ENERGY PART-
NERS, INC. f/k/a Plummer Se-
curities, Inc., Relator.

Chestnut Energy Partners F/K/A
Plummer Securities, Inc.,
Appellant,

v.

Thomas E. Tapia, Appellee.

No. 05–09–00101–CV.

Court of Appeals of Texas,
Dallas.

Oct. 20, 2009.

Joel Held, Baker & McKenzie LLP, Dallas, TX for Appellant.

J. Mitchell Little, Scheef & Stone, L.L.P., Frisco, TX, for Appellee.

Before Justices WRIGHT, RICHTER, and LANG.

## OPINION

Opinion By Justice LANG.

Appellant and relator Chestnut Energy Partners f/k/a Plummer Securities, Inc. ("Chestnut") brings this accelerated interlocutory appeal and parallel petition for writ of mandamus [1] challenging the trial

---

1. Chestnut's appeal and petition for writ of mandamus were filed contemporaneously and were consolidated by this Court.

court's order denying confirmation of and vacating an arbitration award (the "arbitration award") in favor of Chestnut against appellee and real party in interest Thomas E. Tapia. In six issues on appeal, Chestnut asserts the trial court erred by (1) applying the Texas Arbitration Act ("TAA") rather than the Federal Arbitration Act ("FAA"), because the parties consented to the application of the FAA in the written agreement that formed the basis for the underlying dispute and the underlying dispute concerned matters involving interstate commerce; (2) granting Tapia's petition to vacate the arbitration award, because Tapia failed to meet his burden to bring forth a complete record of the arbitration proceedings to support his claim and instead sought to "substitute the arbitration record with extraneous evidence"; (3) vacating the arbitration award, because there is insufficient evidence in the record to support vacatur under section 10(a)(3) of the FAA or section 171.088(a)(3)(B) of the TAA; (4) vacating the arbitration award by substituting its judgment for that of the arbitration panel; and (5) denying confirmation of the arbitration award, because there was no basis under the FAA or TAA for vacatur of the award.[2]

For the reasons below, Chestnut's petition for writ of mandamus is dismissed. With respect to the appeal brought by Chestnut, we decide in favor of Chestnut on its first, third, and sixth issues. We need not address Chestnut's other issues. We reverse the trial court's judgment and remand this case to the trial court to order confirmation of the arbitration award.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tapia, a securities broker, was employed by Chestnut from approximately January 2002 until approximately November 2004.

Tapia signed a May 1, 2004 employment agreement with Chestnut in which Tapia agreed to arbitrate before the American Arbitration Association ("AAA") any dispute that arose between him and Chestnut. Further, that employment agreement provided the FAA "shall govern such proceeding." On October 26, 2006, Chestnut initiated an AAA proceeding against Tapia in which Chestnut sought damages relating to Tapia's alleged breach of his employment agreement and "theft and tortious use" of Chestnut's proprietary client information. A hearing in that proceeding was scheduled for December 11, 2007.

On October 31, 2006, Chestnut filed a related arbitration claim with the Financial Industry Regulatory Association ("FINRA") against M & W Financial, Inc. ("M & W"), Tapia's employer at that time. Chestnut's FINRA arbitration claim asserted participation by M & W in the alleged theft and tortious use of Chestnut's proprietary information. A hearing in the FINRA proceeding was set for November 27, 2007. Prior to that hearing, the AAA proceeding initiated against Tapia on October 26, 2006, was consolidated with the October 31, 2006 FINRA proceeding. The consolidated proceeding was set for hearing on June 6, 2008, before a panel of three FINRA arbitrators (the "panel"). At the time the AAA and FINRA proceedings were consolidated, Tapia and M & W were represented by the same attorneys, Chris Richie and David Clouston.

Richie and Clouston filed a "Trial Brief" with FINRA on May 23, 2008, on behalf of both Tapia and M & W. On May 30, 2008, Richie and Clouston withdrew as counsel for Tapia due to a purported conflict of interest. In a letter on that date to the panel, Richie stated in part

2. Chestnut asserts substantially identical is- sues in its petition for writ of mandamus.

Given the proximity of the hearing it is likely that Mr. Tapia may need, and the panel may feel it necessary, to require an immediate postponement of the hearing scheduled to begin on June 6, 2008 so that Mr. Tapia may be afforded the opportunity to secure new counsel and go forward with the case. While we are not requesting a postponement, we anticipate a postponement may be necessary and want to make everyone aware of this situation as soon as possible.

On June 4, 2008, M & W sought postponement of the June 6, 2008 hearing due to a medical condition of Clouston. In a June 5, 2008 written response to M & W's request to postpone the hearing, Tapia did not specifically oppose or agree to M & W's request for a postponement. Tapia stated in part in that response, "Although my situation regarding legal representation is not ideal I believe I am capable of respectfully following the Code of Arbitration and answering any questions the panel may have for me to resolve this case." The panel held a June 6, 2008 hearing at which M & W's request for postponement was considered. According to excerpts from a record of that hearing,[3] the following exchange occurred between Tapia and panel chairperson Edward J. Lynch:

TAPIA: I am Thomas Tapia, respondent, and here on my own.

LYNCH: Okay. I notice, Mr. Tapia, as you've stated, you're here on your own and that you don't have an attorney. Do you intend to engage an attorney?

TAPIA: At this point, I think—I don't have the time to do so. That's why I'm willing to go forward here and answer questions as best I can and follow the code of arbitration as best I can; but just due to the circum-

stances, I don't have an attorney today.

LYNCH: Okay. Let me—let me emphasize the fact that you're entitled to have an attorney; and at any time during this proceeding that you want an attorney, you can retain one. Please inform the panel, but it's very important that you understand that you are entitled to have an attorney. We are going to do some what I would refer to as administrative matters this morning. We may not get into the hearing on the merits this morning. Are you willing to go ahead without an attorney at least for this session of the hearing?

TAPIA: I am willing for this session. Sure.

LYNCH: Any time that you feel differently or at any time you feel you want an attorney, please speak up.

TAPIA: Okay. And I will try to do the best I can to abide by all the rules of the panel.

LYNCH: I appreciate that.

Further, at that hearing, counsel for Chestnut agreed to a postponement and stated in part

And while I'm agreeable to postponement because frankly Mr. Clouston's illness—I'm not questioning it at all, but refusal to grant a continuance upon a request is grounds to possibly vacate an order. I don't want to run the risk of that.

Mr. Tapia's recent situation causes me concern from, again, a—affecting an award standpoint. So I don't want to rush him into something too quickly, and

---

3. The record on appeal does not contain a complete reporter's record of the June 6, 2008 hearing before the panel.

those factors have led us to agree to a hearing setting in August.

Then, Tapia, Lynch, and Peter J. Conlin, another member of the panel, stated as follows:

LYNCH: Oh, right. The earliest date we can do this is August 6th.

. . . .

CONLIN: Will that give you enough time to secure additional counsel if that's your desire?

TAPIA: That would give me time to consider the possibility of doing that.

. . . .

LYNCH: Let me rephrase the question. If the panel decides on August 6th, 7th, and 8th, 11th and 12th, can you possibly—

TAPIA: Yes, sir.

LYNCH:—do that—do those dates?

TAPIA: Yes, sir.

Finally, the record shows the following exchange occurred:

LYNCH: All right. We're back on the record in session one of the pending Case 0604808 after an executive break for the panel to consider the request for continuance of the hearing for various reasons which we discussed on the record. . . . The dates that you proposed were equally—were impossible and difficult for all three of us to agree to. . . . However, after pressuring and in the spirit of compromise, we agreed that we would make ourselves available in the interest of proceeding with this case in a timely manner on August 6th, 7th, 8th, 11th, and 12th. . . . It was clear that one of those dates was good for one of us, and the 25th was good for another, but we feel it's important that we proceed. So I appreciate the cooperation of the panel members in—in agreeing to these dates.

Mr. Tapia, you indicated those dates are okay, that you can make it. Is that correct?

TAPIA: Yes, sir.

LYNCH: Okay. Now I want to deal with the issue of—we now have a continuance, a postponement, or whatever you want to call it. The main point was that the record is open and that we will continue the hearing on those dates.

Mr. Tapia, I want to emphasize again that you're entitled to retain an attorney. The decision on whether you retain an attorney is your decision. The decision as to whether you want to represent yourself is your decision.

You are certainly entitled to retain an attorney, and we would urge you to consider that seriously. And if you decide to retain an attorney, please don't delay and try to do that promptly.

You now have until—we've decided this hearing to resume on August 6th, but don't wait until August 5th or 6th, to consider this matter seriously as soon as possible.

. . . .

CONLIN: Well, just one other thing. If you do find counsel, keep in mind in keeping with your wanting to be respectful of the panel and the rules, make sure that counsel is available for the adjourned-to dates.

TAPIA: Sure.

CONLIN: That would probably not be a favorable impression if we get notice of new counsel, and then they want additional adjournment. So that has been also taken into consideration, that you here representing yourself now has agreed to these dates. So if

you bring in counsel, he also has to—or she has to agree to these dates.

In a "Hearing Report and Order" dated June 9, 2008, the panel stated in part

A hearing was held in the above case on June 6, 2008 before the full panel, as scheduled in the Pre–Hearing Order dated January 24, 2008. Counsel of record for the parties were present with Thomas Tapia representing himself, pro se. Mr. Tapia was advised that he was entitled to have legal counsel to represent him at the hearing and at further proceedings in this arbitration. He advised that he understood that he was entitled to counsel but would represent himself. He was further advised that if he decides he wants counsel he should advise the Panel if in a hearing or advise FINRA. This advice was repeated by the Chairperson during the hearing.

On approximately July 2, 2008, Chestnut and M & W settled their claims and disputes. Each filed a dismissal with prejudice with FINRA on July 11, 2008. On July 21, 2008, Tapia filed with FINRA a request for a "continuation" in the arbitration proceeding. In that request, Tapia stated in part

I am concerned that my case has been mishandled by the counsel involved and I need time to prepare to go through the arbitration on my own.... I was willing to go through the arbitration on my own with M & W Financial defending themselves because I understood our defenses were aligned. I do not understand how the cases could be joined together and then settled separately?

If the panel would allow, I am willing to speak with [a representative of Chestnut] through the mediation process to try to find out what outcome he expects from taking the time of the panel and continuing to go through the arbitration process.

. . . .

I will be available by cell phone today and if I do not receive a response I will proceed to the arbitration hearing on Wednesday morning August 6th and be as prepared as I can be to defend myself.

Tapia's request for a continuance was denied by the panel and Tapia proceeded pro se at the August 6, 2008 hearing. The panel issued an award on August 27, 2008, in favor of Chestnut and against Tapia in the amount of $135,938 plus interest at the rate of 5% per annum from thirty days after service of the award until the award is paid in full.

On September 26, 2008, Tapia, still proceeding pro se, filed a "Petition to Vacate the Arbitration Award" in the trial court. That petition stated in part, "The ground for vacatur is the denial by [the panel] of a request for postponement of the arbitration hearing to allow Tapia to locate and retain adequate counsel once his counsel withdrew due to a conflict of interest." Tapia asserted the arbitration award should be vacated pursuant to section 10(a)(3) of the FAA.

In a "Motion to Confirm Arbitration Award and Response to Petition to Vacate" filed on October 27, 2008, Chestnut asserted in part Tapia had not met the burden for vacatur under the FAA. At a December 8, 2008 hearing on Chestnut's motion to confirm and Tapia's motion to vacate, Tapia told the court he had consulted with an attorney who had agreed to represent him in the event the arbitration award was vacated and Tapia was permitted to "retry the case." The trial judge reset the hearing for January 5, 2009, and told Tapia to provide affidavits at that time from the attorney who had agreed to represent him in the event the arbitration award was vacated. In addition, the trial

judge stated to Tapia, "I'd encourage you to also have case law that discusses this issue of postponement. And I really encourage you to have counsel here at the next hearing."

On December 16, 2008, Tapia filed with the trial court an affidavit of J. Mitchell Little in which Little stated he was "willing to intercede and represent Thomas Tapia in a future arbitration or trial with the above-named parties should [the trial court] be inclined to vacate the [arbitration award]." Further, on December 18, 2008, Tapia filed a "Plaintiff's First Amended Petition to Vacate Arbitration Award," in which he asserted section 171.088(a)(3)(B) of the TAA as the sole statutory basis for vacatur of the arbitration award. Tapia alleged in part in his amended petition, "The [panel] refused to postpone the arbitration hearing in order to allow Plaintiff to obtain adequate legal representation and, consequently, denied him a proper defense." In addition, Tapia's amended petition stated

> The FINRA arbitration panel in this matter refused to postpone the August 6, 2008 hearing after [Tapia] showed sufficient cause for the postponement. That sufficient cause was:
>
> (1) The settlement between [M & W] and [Chestnut] of which he had received no notice;
>
> (2) The mishandling of his case by his previous counsel; and
>
> (3) Needing additional time to prepare a defense.

On December 30, 2008, Chestnut filed a supplemental brief in support of its motion to confirm the arbitration award in which it argued, in part, that while confirmation of the arbitration award is mandated under either the FAA or the TAA, the FAA applies in this case. According to Chestnut, in order to succeed in vacating the arbitration award under the FAA, Tapia was required to "establish that there was no reasonable basis for the panel's refusal to postpone the hearing."

At the January 5, 2009 hearing, Tapia was represented by Little. During that hearing, the trial court admitted evidence, over objection by Chestnut, regarding communications related to the arbitration proceeding and communications between Tapia and an attorney he purportedly consulted between July 11, 2008 and August 6, 2008. At the conclusion of that hearing, the trial court stated,

> This is a tough case. You know as I said earlier, as a trial judge I would absolutely have granted the continuance in this situation. Frequently when I'm faced with arbitration issues, I'm faced with standards that I don't necessarily agree to, and in this case I don't think the standard that the federal courts have articulated is necessarily fair in all situations. Again I think this is a very close call only because the standard is so high for [Tapia].

In a "Final Judgment, Order Denying Motion to Confirm Arbitration Award, and Order Vacating Arbitration Award" signed on January 13, 2009, the trial court denied Chestnut's motion to confirm the arbitration award, vacated the award in its entirety, and stated

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties may re-submit their dispute for a hearing through FINRA Dispute Resolution.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all relief not expressly granted herein is hereby denied. This resolves all issues before this Court as to all parties and is a final judgment.

(emphasis original). Chestnut filed a January 22, 2009 request for findings of fact

and conclusions of law and a subsequent timely notice of past due findings of fact and conclusions of law. No findings of fact and conclusions of law were made by the trial court. On February 2, 2009, Chestnut filed its petition for writ of mandamus in this Court and timely notice of this accelerated interlocutory appeal.

## II. JURISDICTION

Before addressing the merits of this case, we must first decide, as a threshold matter, whether an appeal or a mandamus petition is the appropriate vehicle for pursuing the relief sought by Chestnut.

### A. Applicable Law

■ Generally, unless otherwise authorized by statute, only final decisions of Texas trial courts are appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 2008). Texas courts strictly construe statutes authorizing interlocutory appeals because a statute authorizing an appeal from an interlocutory order is in derogation of the general rule that only final judgments are appealable. *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

The Texas statutes governing arbitration of disputes, commonly referred to as the TAA, are found in chapter 171 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–171.098 (Vernon 2005); *see also Dennis v. College Station Hosp., L.P.*, 169 S.W.3d 282, 285 n. 2 (Tex.App.-Waco 2005, pet. denied). Section 171.098 of the TAA, titled "Appeal," provides in relevant part

(a) A party may appeal a judgment or decree entered under this chapter or an order:

(1) denying an application to compel arbitration made under Section 171.021;

(2) granting an application to stay arbitration made under Section 171.023;

(3) confirming or denying confirmation of an award;

(4) modifying or correcting an award; or

(5) vacating an award without directing a rehearing.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a).

The FAA creates a federal body of law pertaining to arbitration of disputes. *See* 9 U.S.C. §§ 1–16 (2006). Section 16(a) of the FAA, titled "Appeals," provides in relevant part

(a) An appeal may be taken from—

(1) an order—

. . .

(B) denying a petition under section 4 of this title [applicable where party alleges failure, neglect, or refusal of another to arbitrate under a written agreement] to order arbitration to proceed,

. . .

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award; [or]

. . .

(3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).[4]

■ "[F]ederal procedure does not apply in Texas courts, even when Texas

---

4. Pursuant to section 51.016 of the Texas Civil Practice and Remedies Code, as of September

courts apply the [FAA]." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see also Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex.App.-Dallas 2008, pet. denied) ("Procedural matters relating to the confirmation of arbitration awards in Texas courts are governed by Texas law even if the FAA supplies the substantive rules of decision."); *Holcim (Tex.) Ltd. P'ship v. Humboldt Wedag, Inc.*, 211 S.W.3d 796, 800–01 (Tex.App.-Waco 2006, no pet.) (when Texas courts confront procedural issues involving case subject to FAA, Texas procedural rules apply instead of federal rules); *J.D. Edwards World Solutions Co. v. Estes, Inc.*, 91 S.W.3d 836, 839 (Tex.App.-Fort Worth 2002, pet. denied) (same) (citing *Jack B. Anglin Co.*, 842 S.W.2d at 272).

■ Mandamus relief is an extraordinary remedy that issues only when a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex.2007); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

### B. Application of Law to Facts

Chestnut contends sections 171.098(a)(3) and (a)(5) of the TAA each provide an independent basis for appellate jurisdiction in this case because the order at issue (1) denies confirmation of the arbitration award and (2) vacates the award without directing a rehearing. Further, Chestnut asserts the FAA allows for the appeal of any order confirming or denying confirmation of an award or vacating an award. Finally, Chestnut argues that even if appellate jurisdiction is lacking, this Court has jurisdiction to review the order at issue pursuant to Chestnut's petition for writ of mandamus because (1) the trial judge abused his discretion in determination of the applicable law and in applying the law to the facts and (2) Chestnut has no adequate remedy at law because, absent mandamus relief, it will be forced to expend significant time and money in repeating the arbitration.

Tapia asserts section 171.098 of the TAA allows for appeal of an order vacating an award only if such order does not direct a rehearing. Tapia argues the order at issue "directs a rehearing" and therefore "may not be appealed by statutory fiat." Tapia contends "a similar result applies" under the FAA. In addition, Tapia argues that while the trial court's order "contains language that it is a 'final judgment,'" the federal and state rules precluding appeal of interlocutory orders for new trial should apply here because the trial court, in its order, is sending the case "to another tribunal (arbitration) for a new hearing on the merits." Finally, Tapia contends mandamus is not appropriate in this case because (1) the trial court's order is essentially an order granting a new trial, and mandamus will generally not issue to overturn such an order; (2) the type of "harm" asserted by Chestnut is insufficient to support a writ of mandamus; and (3) Chestnut "has an adequate remedy 'by way of appeal,' even if the law requires the appeal to be dismissed at this time because it is premature."

Regardless of whether the FAA or the TAA provides the substantive rules of de-

1, 2009, "[i]n a matter subject to the [FAA], a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem Code Ann. § 51.016 (Vernon Supp. 2009). However, section 51.016 does not apply to an appeal initiated before September 1, 2009. *See id.* Historical and Statutory Notes. Therefore, section 51.016 is not applicable in this case.

cision in this case, we look to the TAA for the rules governing procedural matters. *See Jack B. Anglin Co.,* 842 S.W.2d at 272; *Roehrs,* 246 S.W.3d at 804; *Holcim,* 211 S.W.3d at 800–01; *J.D. Edwards World Solutions Co.,* 91 S.W.3d at 839. Therefore, section 171.098 of the TAA governs whether the trial court's order is subject to interlocutory appeal. *See Holcim,* 211 S.W.3d at 800–01 (applying section 171.098 of TAA to determine whether appeal or mandamus was proper in case involving confirmation of arbitration award otherwise governed by FAA); *J.D. Edwards World Solutions Co.,* 91 S.W.3d at 839 (applying TAA section 171.098 in determining whether order vacating award in arbitration governed by FAA was subject to interlocutory appeal or mandamus).

■ Section 171.098(a) provides in relevant part a party may appeal an order "confirming or denying confirmation of an award" or "vacating an award without directing a rehearing." TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(3), (a)(5). As Chestnut discusses in a footnote in its brief on appeal, the courts of Texas are split on the issue of whether a trial court's order granting a motion to vacate an arbitration award and directing a rehearing extinguishes a party's right to appeal the denial of its motion to confirm. *See Werline v. E. Tex. Salt Water Disposal Co., Inc.,* 209 S.W.3d 888, 893–95 (Tex.App.-Texarkana 2006, pet. granted) (order denying motion to confirm, vacating award, and ordering rehearing was appealable under section 171.098); *Prudential Secs., Inc. v. Vondergoltz,* 14 S.W.3d 329, 331 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (appellate court lacked jurisdiction over appeal of denial of application to confirm award where trial court vacated award and ordered rehearing). However, we agree with Chestnut that is not the fact situation presented in this case.

■ Here, the trial court's "Final Judgment, Order Denying Motion to Confirm Arbitration Award, and Order Vacating Arbitration Award" stated in part "the parties *may* re-submit their dispute for a hearing through FINRA Dispute Resolution." (emphasis added). The ordinary meaning of the word "may" is permissive, rather than mandatory. *See Tri–Star Petroleum Co. v. Tipperary Corp.,* 107 S.W.3d 607, 615 (Tex.App.-El Paso 2003, pet. denied) (analyzing "may" as used in statutory language of TAA). By contrast, the language of section 171.098(a)(5) uses the word "directing" as to whether there is to be a rehearing. The word "direct" is defined in Black's Law Dictionary to mean "[t]o instruct someone with authority." BLACK'S LAW DICTIONARY 491 (8th ed. 2004). Neither the judgment nor the record shows the parties were instructed by the trial court to proceed with a rehearing. In fact, Tapia states in a footnote in his brief on appeal the order at issue "does not affirmatively 'order' the parties to participate in a new arbitration proceeding," but rather "allows the parties to decide to do so." Based on the foregoing, we cannot agree with Tapia that the trial court's order "directs" a rehearing. *Cf. Bison Bldg. Materials, Ltd. v. Aldridge,* 263 S.W.3d 69, 74–75 (Tex.App.-Houston [1st Dist.] 2006, pet. granted) (appellate court was without jurisdiction to hear appeal of trial court order confirming arbitration award in part, vacating award in part, and concluding "fact questions" remained on several issues, where order, while not expressly directing a rehearing, "necessarily contemplate[d] resolution" of remaining issues by way of rehearing and record showed parties "understood" order as directing a rehearing). Moreover, we decline Tapia's request to apply the law regarding orders for new trial in this case. *See Walker Sand, Inc.,* 95 S.W.3d at 514

(Texas courts strictly construe statutes authorizing interlocutory appeals). We conclude the judgment at issue is appealable (1) pursuant to section 171.098(a)(3) as an order "confirming or denying confirmation of an award" and (2) pursuant to section 171.098(a)(5) as an order "vacating an award without directing a rehearing." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(3), (a)(5). Accordingly, because an adequate remedy is available to Chestnut on appeal, we dismiss Chestnut's petition for writ of mandamus. *See Walker,* 827 S.W.2d at 840 (noting mandamus is available only when adequate remedy by appeal is not).

## III. VACATUR AND DENIAL OF CONFIRMATION OF ARBITRATION AWARD

### A. Standard of Review

■ Review of a trial court's decision as to vacatur or confirmation of an arbitration award is de novo and the appellate court reviews the entire record. *See Statewide Remodeling, Inc. v. Williams,* 244 S.W.3d 564, 567 (Tex.App.-Dallas 2008, no pet.); *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.,* 915 F.2d 1017, 1021 (5th Cir.1990). However, all reasonable presumptions are indulged in favor of the award, and none against it. *Statewide Remodeling, Inc.,* 244 S.W.3d at 568.

### B. Statutes Governing Vacatur and Confirmation of Arbitration Awards

#### 1. Vacatur of Arbitration Awards

##### a. TAA

Section 171.088 of the TAA, titled "Vacating Award," provides in relevant part

(a) On application of a party, the court shall vacate an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator; [or]

(3) the arbitrators:

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement; [or]

(C) refused to hear evidence material to the controversy.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.088.

##### b. FAA

Under section 10(a) of the FAA, a trial court may vacate an arbitration award upon the application of any party to the arbitration

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 1404, 170 L.Ed.2d 254

(2008) (bases for vacatur in section 10 of FAA are exclusive).

### 2. Confirmation of Arbitration Awards

#### a. TAA

Under the TAA, if an application to vacate an arbitration award pursuant to section 171.088 is denied and a motion to modify or correct the award is not pending, the court shall confirm the award. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(c); *see also* TEX. CIV. PRAC. & REM.CODE ANN § 171.087 ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award.").

#### b. FAA

Under the terms of the FAA, an arbitration award must be confirmed unless it is vacated, modified, or corrected under one of the limited grounds set forth in sections 10 and 11 of the FAA. *See* 9 U.S.C. §§ 9–11.

### C. *Application of FAA or TAA*

In its first issue on appeal, Chestnut asserts the trial court erred to the extent it applied the TAA rather than the FAA with regard to vacatur and confirmation of the award in this case because (1) the parties consented to the application of the FAA in the written agreement that formed the basis for the underlying dispute and (2) the subject matter of that agreement involved interstate commerce.[5] Tapia responds, "The confirmation and vacation of arbitration awards in Texas courts is governed procedurally by the [TAA], even if the [FAA] applies substantively."

### 1. Standard of Review and Applicable Law

 A trial court's determination of choice of law is a question of law and is reviewed de novo. *Johnson v. Structured Asset Servs., LLC,* 148 S.W.3d 711, 720 (Tex.App.-Dallas 2004, no pet.). "Courts honor agreements to be bound by the FAA." *Ernst & Young LLP v. Martin,* 278 S.W.3d 497, 499 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (citing *In re Jim Walter Homes, Inc.,* 207 S.W.3d 888, 896 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding)). However, when Texas courts confront procedural issues involving a case subject to the FAA, Texas procedural rules apply instead of federal rules. *See Jack B. Anglin Co.,* 842 S.W.2d at 272; *Roehrs,* 246 S.W.3d at 804; *Holcim,* 211 S.W.3d at 800–01; *J.D. Edwards World Solutions Co.,* 91 S.W.3d at 839.

### 2. Application of Law to Facts

 The record shows, and Tapia does not dispute, Tapia signed a May 1, 2004 employment agreement that provided "any hearing scheduled upon any arbitration proceeding being initiated by either Party shall take place in [Dallas], and the Federal Arbitration Act shall govern such proceeding." That unchallenged agreement will be honored by this Court. *See Ernst & Young LLP,* 278 S.W.3d at 499. However, we must determine whether vacatur and confirmation of the arbitration award are "procedural" issues and therefore governed by Texas law. *See Jack B. Anglin Co.,* 842 S.W.2d at 272; *Roehrs,* 246 S.W.3d at 804; *Holcim,* 211 S.W.3d at 800–01; *J.D. Edwards World Solutions Co.,* 91 S.W.3d at 839.

---

**5.** Although Chestnut contends it "appears" the trial court applied the TAA in vacating the arbitration award, the record does not show the trial court specified whether it was applying the FAA or the TAA, and no findings of fact and conclusions of law were made by the trial court.

Both parties cite *Roehrs* in support of their appellate arguments on this issue. In *Roehrs*, this Court addressed whether the FAA or the TAA applied to the review of an arbitration award arising from an arbitration agreement that included a general choice-of-law clause providing for application of Texas law. *Roehrs*, 246 S.W.3d at 803. First, this Court noted the FAA governs transactions involving interstate commerce and recognized the supreme court has held a Texas choice-of-law provision will not be construed to select the TAA to the exclusion of the FAA unless the clause specifically excludes the application of federal law. *Id.* Further, this Court stated "[p]rocedural matters relating to the confirmation of arbitration awards in Texas courts are governed by Texas law even if the FAA supplies the substantive rules of decision." *Id.* at 804. Then, this Court proceeded to address the appellants' contentions the trial court erred by refusing to vacate the award at issue therein and by confirming that award. *Id.* at 805–06, 810. Specifically, the appellants contended (1) the panel was not constituted in accordance with the arbitration agreement and (2) one of the arbitrators committed fraud and misconduct with regard to representing his qualifications. *Id.* at 806, 810. In resolving whether the trial court erred in refusing to vacate the award, this Court applied the vacatur provisions of the FAA, rather than the TAA. *Id.* at 805–11.

It is clear this Court in *Roehrs* did not consider the bases for vacatur of the arbitration award therein to be "procedural matters" governed by Texas law. *Id.; see also Townes Telecomm., Inc. v. Travis, Wolff & Co., L.L.P.*, 291 S.W.3d 490, 493 (Tex.App.-Dallas 2009, pet. filed) (applying confirmation provisions of FAA in case involving award governed by FAA) (citing *Roehrs*, 246 S.W.3d at 805–06); *Mauldin v. MBNA Am. Bank, N.A.*, No. 2–07–208–

CV, 2008 WL 4779614, at *5 (Tex.App.-Fort Worth Oct. 30, 2008, no pet.) (mem. op.) (applying confirmation provisions of FAA in case where parties agreed arbitration would be governed by FAA). Tapia argues in his appellate brief that *Roehrs* requires application of the TAA in this case because he is "not challenging the manner in which the arbitrators ruled on the merits," but rather is challenging the "faulty administration of the case by the arbitrators **before the merits were ever reached.**" (emphasis original). However, he cites no authority to support that proposition. Moreover, as described above, the appellants in *Roehrs* asserted vacatur of the award therein was proper and confirmation was improper because (1) the panel was not constituted in accordance with the arbitration agreement and (2) one of the arbitrators committed fraud and misconduct with regard to representing his qualifications. *Roehrs*, 246 S.W.3d at 806, 810. Thus, the asserted bases for vacatur in *Roehrs* concerned actions of the arbitrators "before the merits were ever reached." *See id.*

Based on the above analysis and this Court's opinion in *Roehrs*, we conclude the FAA governs the vacatur and confirmation of the arbitration award in this case. We decide in favor of Chestnut on its first issue.

### D. Vacatur Under Section 10(a)(3) of FAA

In its third issue, Chestnut asserts the trial court erred in vacating the arbitration award because there is insufficient evidence in the record to support vacatur under section 10(a)(3) of the FAA. Tapia responds (1) he "demonstrated to the trial court's satisfaction" that the arbitrators committed misconduct pursuant to section 10(a)(3) in denying his request to postpone the August 6, 2008 hearing and (2) Chest-

nut's proposed standard of the "prejudice" Tapia must show to prevail in this case is "an admittedly 'impossible' burden for [Tapia] to overcome and so cannot be a deciding factor in this case."

### 1. Applicable Law

▮▮▮▮▮ To establish a panel was "guilty of misconduct" pursuant to section 10(a)(3) in denying postponement of an arbitration hearing, the party seeking vacatur of the award must show there was no reasonable basis for the panel's refusal to postpone the hearing. *Laws v. Morgan Stanley Dean Witter,* 452 F.3d 398, 400 (5th Cir.2006); *SunGard Energy Sys., Inc. v. Gas Transmission Nw. Corp.,* 551 F.Supp.2d 608, 613 (S.D.Tex.2008). In addition, the party seeking vacatur on such basis must establish it suffered prejudice as a result of the refusal to postpone. *See* 9 U.S.C. § 10(a)(3); *Laws,* 452 F.3d at 401; *SunGard,* 551 F.Supp.2d at 613. To establish prejudice, the party must "prove a 'continuance might have altered the outcome of the arbitration.'" *SunGard,* 551 F.Supp.2d at 613 (quoting *Laws,* 452 F.3d at 400).

▮▮▮▮ When a non-prevailing party seeks to vacate an arbitration award, it bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award. *See Statewide Remodeling, Inc.,* 244 S.W.3d at 568. "When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award." *Id.*

### 2. Application of Law to Facts

With respect to misconduct, Tapia cites *Laws* in his appellate brief for the proposition that "regardless of how the standard is phrased under federal or state law, the courts are still concerned with—first and foremost—provision of a fair hearing." Further, Tapia asserts

> [A]ny trial court—state or federal—faced with a motion to vacate must look at the totality of the circumstances and decide if failure to postpone deprived the movant of a fair hearing. In order to make this decision, the trial court must be able to use its own discretion or judgment to determine if a "fair hearing" was denied. This means [the trial judge] had to use his own discretion and judgment to determine if he would have granted the postponement so as to avoid an unfair hearing. . . . As such, the trial court's decision can only be reviewed on appeal for abuse of discretion.

However, Tapia cites no authority in support of that proposition, and it is not consistent with established law. *See Laws,* 452 F.3d at 399–400 (party seeking vacatur under section 10(a)(3) was not denied fair hearing where record supported several bases on which panel reasonably could have denied continuance); *SunGard,* 551 F.Supp.2d at 613 (party seeking vacatur under section 10(a)(3) must establish there was no reasonable basis for panel's refusal to postpone and party suffered prejudice); *see also Forsythe,* 915 F.2d at 1021 (review of trial court's vacatur of arbitration award pursuant to section 10(a)(3) is de novo). Therefore, we cannot agree with Tapia's argument as to that proposition.

Additionally, Tapia argues for the first time on appeal that under FAA section 10(a)(3), "the court is supposed to determine if the arbitrators engaged in misconduct by 'refusing to postpone the hearing, upon sufficient cause shown, *or in refusing to hear evidence pertinent and material to the [postponement] controversy.*'" (emphasis and bracketed text original). Tapia contends the arbitrators did not give him any chance to be heard

or present any evidence on his request for postponement.[6] He asserts, "Providing a hearing and allowing presentation of evidence on the important issue of postponement is a requirement unique to the FAA, and that requirement was violated in this case by the arbitrators, further and additionally justifying vacation of the award due to 'misconduct.'" However, Tapia cites no authority for his insertion of the word "postponement" into the language of section 10(a)(3), and we have found none. Further, Tapia does not explain how the language of the statute supports such an interpretation. Accordingly, we conclude Tapia's argument as to that proposition presents nothing for this Court's review. *See* Tex.R.App. P. 38.2(a)(1); 38.1(i).

 When a non-prevailing party seeks to vacate an arbitration award, it bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award. *See Statewide Remodeling, Inc.,* 244 S.W.3d at 568. "When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award." *Id.; see also Glenn A. Magarian, Inc. v. Nat'l Fin. Corp.,* No. 05–97–00663–CV, 1999 WL 814289, at *2 (Tex.App.-Dallas Oct. 13, 1999, pet. denied) (not designated for publication) ("Likewise, if the appellant brings a record showing only a portion of the proceedings, we presume the remaining evidence supports the award.").

The record shows that in Tapia's June 5, 2008 written response to M & W's request for postponement of the June 6, 2008 arbitration hearing, he stated in part, "Although my situation regarding legal representation is not ideal I believe I am capable of respectfully following the Code of Arbitration and answering any questions the panel may have for me to resolve this case." At the June 6, 2008 hearing at which M & W's request for postponement was addressed, the panel rescheduled the arbitration hearing for August 6, 2008, and emphasized the parties needed to be prepared to proceed on that date. Specifically, the following exchange occurred:

LYNCH: Mr. Tapia, I want to emphasize again that you're entitled to retain an attorney. The decision on whether you retain an attorney is your decision. The decision as to whether you want to represent yourself is your decision.

You are certainly entitled to retain an attorney, and we would urge you to consider that seriously. And if you decide to retain an attorney, please don't delay and try to do that promptly.

You now have until—we've decided this hearing to resume on August 6th, but don't wait until August 5th or 6th, to consider this matter seriously as soon as possible.

. . . .

CONLIN: Well, just one other thing. If you do find counsel, keep in mind in keeping with your wanting to be respectful of the panel and the rules, make sure that counsel is available for the adjourned-to dates.

TAPIA: Sure.

CONLIN: That would probably not be a favorable impression if we get notice of new counsel, and then they want additional adjournment. So that has been also taken into consideration, that you here representing yourself

---

**6.** Tapia does not assert, and the record does not show, that he requested a hearing on his request for a continuance.

now has agreed to these dates. So if you bring in counsel, he also has to— or she has to agree to these dates.

Additionally, the record contains a July 21, 2008 written request for postponement from Tapia to FINRA in which Tapia stated in relevant part

I am concerned that my case has been mishandled by the counsel involved and I need time to prepare to go through the arbitration on my own.... I was willing to go through the arbitration on my own with M & W Financial defending themselves because I understood our defenses were aligned. I do not understand how the cases could be joined together and then settled separately?

If the panel would allow, I am willing to speak with [a representative of Chestnut] through the mediation process to try to find out what outcome he expects from taking the time of the panel and continuing to go through the arbitration process.

. . . .

I will be available by cell phone today and if I do not receive a response I will proceed to the arbitration hearing on Wednesday morning August 6th and be as prepared as I can be to defend myself.

Finally, during the January 5, 2009 hearing regarding vacatur and confirmation of the arbitration award, the trial court admitted evidence, over objection by Chestnut, regarding communications related to the arbitration proceeding and communications between Tapia and an attorney he purportedly consulted between July 11, 2008 and August 6, 2008.

■■■ To establish a panel was "guilty of misconduct" pursuant to section 10(a)(3) in denying postponement of an arbitration hearing, the party seeking vacatur of the award must show there was no reasonable basis for the panel's refusal to postpone

the hearing. *Laws*, 452 F.3d at 400; *SunGard Energy Sys., Inc.*, 551 F.Supp.2d at 613. In *Laws*, appellee Morgan Stanley instituted arbitration proceedings against Laws. *Laws*, 452 F.3d at 399. After the arbitration had been pending for more than three years, Laws served requests for documents on Morgan Stanley two months before the scheduled hearing. *Id.* Morgan Stanley timely responded, but its response contained numerous objections. *Id.* One week before the hearing, the arbitration panel granted in part Laws's motion to compel and ordered the documents produced no later than two days prior to the hearing. *Id.* In compliance with that order, Morgan Stanley issued supplemental discovery. *Id.* The day before the hearing, Laws moved for a continuance of at least thirty days to review the materials produced by Morgan Stanley. *Id.* Morgan Stanley opposed the motion, and the panel summarily rejected Laws's request for a continuance. *Id.* After the panel ruled against him in the arbitration, Laws filed suit in federal district court seeking vacatur of the award, arguing the panel had committed misconduct in denying him a continuance. *Id.* The district court denied the relief requested by Laws, and Laws appealed. *Id.*

■■■ Reviewing the district court's ruling de novo and applying section 10(a)(3) of the FAA, the Fifth Circuit found that, regardless of whether Laws had shown he would have benefitted from a continuance, he still could not show misconduct. *Id.* at 400. The court stated "Laws was not denied a fair hearing because the record supports several bases on which the panel reasonably could have denied him a continuance." *Id.* Specifically, the court stated (1) the arbitration panel could have reasonably found "Laws failed to present good cause for delay," as Laws's motion for continuance was conclusory and merely ar-

gued he would need thirty days to "investigate" the document production and assess its "accuracy and application to this suit"; (2) in light of the fact that the arbitration had been pending for more than three years, the panel "could have concluded 'that the proceeding had already been protracted so long as to violate the policy of expeditious handling of such disputes'" (citing *Schmidt v. Finberg,* 942 F.2d 1571, 1574 (11th Cir.1991)); and (3) the panel could have decided further delay would have been inequitable to Morgan Stanley because Laws had waited until the eve of the hearing to propound discovery and seek a continuance. *Id.* The court concluded that "in light of these reasonable bases for denying Laws's continuance, the panel did not deny him a fair hearing" and therefore was not guilty of misconduct. *Id.* at 401.

Here, even assuming without deciding the objected-to evidence described above was properly admitted and considered by the trial court, the record in this case supports several bases on which the panel reasonably could have denied the continuance at issue. *See id.* at 400; *SunGard Energy Sys., Inc.,* 551 F.Supp.2d at 613. First, the panel reasonably could have concluded Tapia failed to present good cause for the delay. *See Laws,* 452 F.3d at 400. In his July 21, 2008 written request for postponement, Tapia stated he needed "time to prepare to go through the arbitration on my own." Tapia argues the phrase "on my own" referred to the fact that M & W had settled and Tapia was the sole remaining defendant. However, Tapia, in the same letter, referred to having proceeded "on my own" while M & W was still in the case. Thus, we cannot agree Tapia's July 21, 2008 letter made clear to the panel that he was requesting a postponement in order to search for and hire counsel. Second, in light of the previous delay granted on June 6, 2008, and the fact the

arbitration had been filed in October 2006, the panel could have concluded the proceeding had already been protracted so long as to violate the policy of expeditious handling of such disputes. *See id.* Finally, based on the panel's (1) urging on June 6, 2008 that Tapia should "seriously" consider retaining an attorney "as soon as possible" and without delay and (2) emphasis that any counsel retained by Tapia would have to agree to the hearing dates set, the panel reasonably could have decided further delay would be inequitable. *See id.* In light of these reasonable bases for denying Tapia's request for a continuance, the panel in this case did not deny Tapia a fair hearing. *See id.* at 401. Accordingly, we conclude the panel in this case was not "guilty of misconduct in refusing to postpone the hearing" pursuant to section 10(a)(3) of the FAA. *See id.* at 399–400; *SunGard Energy Sys., Inc.,* 551 F.Supp.2d at 613 (record did not support vacatur under section 10(a)(3) where notice had been given that hearing dates must remain firm and panel might reasonably have decided to deny requested continuance to ensure arbitration served its intended purposes). We decide in favor of Chestnut on its third issue.

### E. Confirmation of the Arbitration Award

In its sixth issue, Chestnut contends the trial court erred in failing to confirm the arbitration award because there was no basis under the FAA or TAA for vacatur of the arbitration award. We concluded above the FAA, rather than the TAA, governs the confirmation of the arbitration award in this case. *See Roehrs,* 246 S.W.3d at 804; *Townes Telecomm., Inc.,* 291 S.W.3d at 493; *Mauldin,* 2008 WL 4779614, at *5. Tapia did not assert in the trial court and does not assert on appeal any grounds for modifying or correcting

the arbitration award pursuant to section 11 of the FAA. *See* 9 U.S.C. § 11. Further, the sole FAA ground asserted by Tapia for vacatur of the arbitration award in the trial court and on appeal is section 10(a)(3). *See* 9 U.S.C. § 10(a)(3). We concluded above the record does not support vacatur under section 10(a)(3) of the FAA. Accordingly, we conclude the trial court erred in denying confirmation of the arbitration award. *See* 9 U.S.C. § 9. Chestnut's sixth issue is decided in its favor.

## IV. CONCLUSION

We conclude the trial court's judgment is appealable pursuant to section 171.098(a) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a). Therefore, mandamus is not available in this case. In addition, we conclude the FAA governs the vacatur and confirmation of the arbitration award in this case. Finally, because the record does not support vacatur under FAA section 10(a)(3) and Tapia asserted no other FAA grounds for vacating, modifying, or correcting the award, we conclude the trial court erred by (1) vacating the arbitration award and (2) denying confirmation of the arbitration award. We decide in favor of Chestnut on its first, third, and sixth issues on appeal. We need not address Chestnut's other issues. *See* Tex. R.App. P. 47.1.

We (1) dismiss Chestnut's petition for mandamus, (2) reverse the trial court's judgment, and (3) remand this case to the trial court to order confirmation of the arbitration award.