**AFFIRMED and Opinion Filed February 7, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00234-CV**

**NERIUM BIOTECHNOLOGY, INC. AND NERIUM SKINCARE, INC.,**
**Appellants**
**V.**
**NEORA, LLC F/K/A NERIUM INTERNATIONAL, LLC, JEFF OLSON,**
**AND JO PRODUCTS, LLC, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-17485**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Garcia

Nerium Biotechnology and Nerium Skincare, Inc. (together, "Biotech") appeal from the trial court's judgment confirming an arbitration award and denying their motion to vacate. In two issues, Biotech argues the arbitrator exceeded the scope of his authority by (i) deciding claims outside the scope of the parties' agreement because putative notice and cure provisions precedent to arbitration were not met, and (ii) manifestly disregarding Texas law regarding the evidence necessary to support the damage award. Concluding there is no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

The disputes underlying the substantive claims in arbitration are well known to the parties. Accordingly, we focus only on the facts pertinent to our analysis.

Following years of litigation, Biotech entered a settlement agreement with Nerium International, Jeff Olson, Jo Products, LLC, (collectively, "Neora") and a third party. The parties also executed an intellectual property agreement.

The settlement agreement (the "Agreement") included a Texas choice of law provision and an arbitration clause providing for arbitration before the American Arbitration Association ("AAA"). Specifically, the parties agreed to "binding arbitration" by the AAA in Dallas pursuant to the AAA Commercial Arbitration Rules as "the exclusive remedy for any and all disputes, claims, or controversies . . . arising under or relating to the [Agreement]."

Neora subsequently initiated an AAA arbitration proceeding against Biotech alleging, *inter alia*, claims for breach of the Agreement. This case, styled *Neora, LLC f/k/a Nerium International, LLC v. Nerium Biotechnology, Inc. and Nerium Skincare, Inc.* (the "Main Case") was arbitrated with a related case styled *Nerium Skincare, Inc. v. Jeff Olson and Jo Products, LLC* (the "Guarantee Case"). The arbitrator issued a separate award for each case.

Neora initiated this suit seeking confirmation of the awards. Biotech moved to vacate certain paragraphs of the Main Case award.[1] The trial court denied the motion to vacate and confirmed the final award. After severing the remaining claims, the trial court entered final judgment confirming the award and awarding Neora its attorney's fees, costs, and expenses. Biotech appeals from that judgment.

## II. ANALYSIS

**Standard of Review and Applicable Law**

We review a trial court's decision to confirm or vacate an arbitration award under a de novo standard of review based on a review of the entire record. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied). Judicial review of arbitration awards "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied). Therefore, review of arbitration awards is very narrow. *See Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016).

Arbitration awards have the same effect as a judgment of last resort and, consistent with the deferential and narrow scope of review, we indulge every reasonable presumption in favor of the award and none against it. *See CVN Grp.,*

---

[1] Likewise, on appeal, Biotech's arguments pertain only to the award in the Main Case. Our review is therefore limited to that award.

*Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex. 2002). Deference by the courts is required "lest disappointed litigants seek to overturn every unfavorable arbitration award in court." *See Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied).

A non-prevailing party seeking to vacate an arbitration award bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award. *In re Chestnut Energy Partners, Inc*., 300 S.W.3d 386, 401 (Tex. App.—Dallas 2009, pet. denied). "When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award." *Id*. (quoting *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 566, 568 (Tex. App.—Dallas 2008, no pet.)).

The Agreement does not specify whether it is governed by the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA"). The FAA applies to "all suits in state and federal court when the dispute concerns a contract evidencing a transaction involving [interstate] commerce." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269–70 (Tex. 1992). But when, as here, the underlying contract specifies that it is governed by Texas law, both statutes apply. *Barantas Inc. v. Enter. Fin. Grp., Inc.*, No. 05-17-00896-CV, 2018 WL 3738089, at \*5 (Tex. App.—Dallas Aug. 7, 2018, no pet.) (mem. op.). "When both acts apply, the FAA preempts the TAA only if the TAA is inconsistent with the FAA or affects the enforceability of the contract." *Id*. In this instance, we need not determine which act

applies because our conclusion would be the same under either act. *Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 448 (Tex. App.—Dallas 2013, pet. denied).

**Failure to Consider Conditions Precedent**

During the arbitration, Biotech requested leave to file a dispositive motion alleging that Neora failed to satisfy certain conditions precedent to arbitration; specifically, that notices sent pursuant to paragraph twelve of the Agreement were deficient or defective. The arbitrator denied leave, ruling that "the best course is for me to resolve Biotech's notice and cure defenses along with the many other claims and defenses . . . following the final hearing."

Biotech now argues the arbitrator exceeded his authority by adjudicating claims before the conditions precedent to arbitration were satisfied. According to Biotech, the arbitrator failed to consider its contractual notice and cure defenses.

The Agreement is governed by the AAA Commercial Arbitration Rules. AAA Commercial Rule R-7(a) provides, "the arbitrator shall have the power to rule on his or her own jurisdiction including . . . the arbitrability of any claim or counterclaim." *See* Am. Arbitration Ass'n, Commercial Arbitration Rules & Mediation Procedure R-7(a) (eff. Oct. 1, 2013). It is well-established that a bilateral agreement to arbitrate under the AAA rules "constitutes clear and unmistakable evidence of the parties' intent to delegate the issue of arbitrability to the arbitrator." *See Home Advisor, Inc. v. Waddell*, No. 05-19-00669-CV, 2020 WL 2988565, at *5 (Tex. App.—Dallas

June 4, 2020, no pet.) (mem. op.). Where the parties' contract clearly and unmistakably delegates the arbitrability question to the arbitrator, the court possesses no power to decide the arbitration issue. *Robinson v. Homeowners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 532 (Tex. 2019).

Biotech does not dispute that the arbitrator was charged with determining arbitrability in this case. Whether the conditions precedent to arbitration have been met is a question of arbitrability. *See G.T. Leach Builders, LLC v. Sapphire V.P., L.P.,* 458 S.W.3d 502, 520 (Tex. 2015) (distinguishing between procedural and substantive arbitrability and explaining that procedural arbitrability questions concern prerequisites and other conditions precedent to an obligation to arbitrate and are determined by the arbitrator); *see also Myer v. AmericoLife, Inc.*, 232 S.W.3d 401, 409 (Tex. App.—Dallas 2007, no pet.) (procedural questions such as whether any contractually based prerequisites to arbitration have been satisfied, when intertwined with the underlying facts of the dispute, are left to the arbitrator). Once the arbitrator has determined that prerequisites have been met, we are not permitted to review the decision on the merits, even if the decision is alleged to be based on factual error or a misinterpretation of the parties' agreement. *Myer*, 232 S.W.3d at 408.

Further, although Biotech asserts the arbitrator did not consider its notice and cure defenses, it devotes considerable argument to the merits of those defenses. But we may not vacate an arbitration award even if it is based upon a mistake of law or

–6–

fact. *Ancor Holdings, LLC v. Peterson, Goldman, Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). The arbitrator's contractual interpretation is not within the scope of our review. *See Petrobas Am., Inc. v. Astra Trading NV*, No. 01-11-00073, 2012 WL 1068311, at *17 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.). Arbitrators exceed their power when they lack the authority to decide the adjudicated issue. *Ctr. Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 527–28 (Tex. App.—Houston [14th Dist.] 2019, no pet) (considering TAA); *Denbury v. Onshore LLC v. Texcal Energy S. Tex., L.P.*, 513 S.W.3d 511, 520 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (misinterpreting contract or misapplying law not a basis for vacatur under TAA or FAA). Arbitrators do not exceed their authority by erroneously deciding an issue. *Bailey*, 587 S.W.3d at 527–28. The arbitrator had the authority to determine the issue here.

Moreover, we have no record of the arbitration proceedings. Thus, even if the question was one within the scope of our review, we assume the evidence supports the award. *Statewide Remodeling*, 244 S.W.3d at 568. Without a transcript, we cannot determine what the parties asked the arbitrator to decide, or whether and to what extent the arbitrator considered Biotech's notice and cure defenses. *See NAFTA Traders, Inc. v. Quinn,* 339 S.W.3d 84, 101–02 (Tex. 2011) (absence of complete record precludes determination of basis for award). Indeed, the absence of a transcript is fatal to Biotech's claim that the arbitrator exceeded his authority by failing to consider its defenses, and in adjudicating the parties' claims and issuing

the award. *See id.*; *Kline v. O-Quinn,* 874 S.W.2d 776, 783 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (without record of proceedings court unable to determine what claims were submitted or what evidence was offered).

We resolve Biotech's first issue against it.

**Manifest Disregard for the Law**

Biotech also argues that the arbitrator exceeded his authority by manifestly disregarding applicable law. Specifically, Biotech maintains that the damage award has no basis in law or fact and gives Neora an improper windfall.

An arbitrator does not exceed his power by making a mistake of law of fact. *Ancor Holdings*, 294 S.W.3d at 830. And we may not vacate an arbitration award for errors in interpretation, application of the law or facts, or even manifest disregard for the law. *See Hoskins*, 497 S.W.3d at 494.

As we have noted, there is no record of the arbitration proceedings. Biotech insists we have an adequate record to make the determinations it seeks because the arbitrator's thirty-seven-page award is detailed and refers to specific cases and evidence. But Biotech provides no authority, nor are we aware of any, providing for court review of arbitration based on an arbitration award in lieu of a full record. Without a full record, we are unable to determine the basis for the award. *See NAFTA Traders*, 339 S.W.3d at 101–102.

Biotech's second issue is resolved against it.

### III. Conclusion

Having resolved all of Biotech's issues against it, we affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220234F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NERIUM BIOTECHNOLOGY,
INC. AND NERIUM SKINCARE,
INC., Appellants

No. 05-22-00234-CV       V.

NEORA, LLC F/K/A NERIUM
INTERNATIONAL, LLC, JEFF
OLSON, AND JO PRODUCTS,
LLC, Appellees

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-17485.
Opinion delivered by Justice Garcia.
Justices Carlyle and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee NEORA, LLC F/K/A NERIUM INTERNATIONAL, LLC, JEFF OLSON, AND JO PRODUCTS, LLC recover their costs of this appeal from appellant NERIUM BIOTECHNOLOGY, INC. AND NERIUM SKINCARE, INC..

Judgment entered February 7, 2023