**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20626

_____

RHEA H. LAWS,

                    Plaintiff - Counter Claimant - Appellant,


     v.

MORGAN STANLEY DEAN WITTER,

                    Defendant - Counter Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before DEMOSS, BENAVIDES, and PRADO, Circuit Judges.

BENAVIDES, Circuit Judge:

The sole question in this appeal is whether an arbitration panel committed misconduct when it denied the Appellant's request for a continuance. We agree with the district court that Appellant has not shown misconduct and therefore affirm.

## I. BACKGROUND

In October 2000, Appellee Morgan Stanley instituted arbitration proceedings against Appellant Rhea Laws through the National Association of Securities Dealers.[1] Morgan Stanley sought

---

[1] We draw our account of the basic facts in this case primarily from the district court's opinion. *See Laws v. Morgan Stanley Dean Witter*, C.A. No. H-04-999, slip op. at 1-2 (S.D. Tex. June 3, 2005).

to recover an alleged deficit of $689,115.19 in Laws's margin account. The arbitration hearing was eventually set for February 4, 2003. After the arbitration had been pending for more than three years, and only two months before the scheduled hearing, Laws served his first request for documents on Morgan Stanley. Morgan Stanley timely responded on December 29, 2003, but its response contained numerous objections. On January 13, 2004, Laws moved to compel production of the undisclosed documents.

On January 28th, the arbitration panel granted the motion to compel in part. It directed Morgan Stanley to produce certain documents by February 2nd, two days before the February 4th hearing. Apparently, neither side objected to this deadline. Between January 28th and January 30th, Morgan Stanley responded to the order by issuing supplemental discovery.[2] The day before the hearing, Laws moved for a continuance. He argued that he needed at least thirty days to review the materials Morgan Stanley had produced. Morgan Stanley opposed the motion, and the panel summarily rejected Laws's request for further delay.

After the arbitration panel ruled against him, Laws filed suit in district court. Laws sought vacatur, arguing that the arbitration panel had committed misconduct in denying him a

---

[2] In his brief, Laws claims that he received some discovery after the February 2nd deadline. However, Laws fails to cite to any record reference to support his claim. The district court found no evidence that any documents were tendered late. *See Laws*, C.A. No. H-04-999, at 6 n.1.

continuance.  The district court ruled in favor of Morgan Stanley, and this appeal followed.

## II.  STANDARDS FOR VACATUR

The Federal Arbitration Act allows federal courts to vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown . . . or of any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10(a)(3) (2000).  "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing."  *El Dorado Sch. Dist. No. 15 v. Cont. Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001) (internal quotation marks omitted); *see also Apex Fountain Sales v. Kleinfeld*, 818 F.2d 1089, 1094 (3d Cir. 1987) ("Under Federal law, misconduct apart from corruption, fraud, or partiality in the arbitrators justifies reversal only if it so prejudices the rights of a party that it denies the party a fundamentally fair hearing.").  We review the district court's application of these principles *de novo*.  *See Prestige Ford v. Ford Dealer Computer Servs.*, 324 F.3d 391, 394 (5th Cir. 2003).

## III. ANALYSIS

For the following reasons, we reject Laws's claim under section 10(a)(3).  To begin with, Laws has not argued, much less

3

shown, that he suffered prejudice from the panel's refusal to delay the proceedings. *Cf. United States v. Gourley*, 168 F.3d 165, 172 n.11 (5th Cir. 2003) ("Our Court reviews a district court's denial of a motion for continuance for abuse of discretion resulting in serious prejudice.") (internal quotation marks omitted). His brief does not indicate that the documents at issue were material to his case. He has not explained how he would have presented his case differently at the arbitration hearing had he been given more time to review the documents. Absent even a representation that the materials produced on the eve of arbitration were important to his case or that a continuance might have altered the outcome of the arbitration, we cannot conclude that Laws was deprived of a fair hearing.

Even if Laws would have benefitted from a continuance, he still could not show misconduct. Laws was not denied a fair hearing because the record supports several bases on which the panel reasonably could have denied him a continuance. *See El Dorado Sch. Dist.*, 247 F.3d at 848 ("Courts will not intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists."); *Scott v. Prudential Sec.*, 141 F.3d 1007, 1016 (11th Cir. 1998) ("In reviewing an arbitrator's refusal to delay a hearing, we must decide whether there was any reasonable basis for failing to postpone the hearing . . . .")

(internal quotation marks omitted).[3] First, the panel reasonably could have concluded that Laws failed to present good cause for delay. *See In re Arbitration Between: Trans Chem. & China Nat'l Mach. Imp. & Exp.*, 978 F. Supp. 266, 307 (S.D. Tex. 1997), *adopted by Trans Chem. v. China Nat'l Mach. Imp. & Exp.*, 161 F.3d 314, 319 (5th Cir. 1998). Laws's conclusory motion for continuance represented that he was currently receiving discovery and argued that he would need thirty days to "investigate" the production and assess its "accuracy and application to this suit." Laws failed to present the panel with any showing that the documents he had recently received were complex, voluminous, or important.

Second, the panel also might have reasonably denied the continuance in light of the fact that the arbitration had been pending for more than three years. It could have concluded "that the proceeding had already been protracted so long as to violate the policy of expeditious handling of such disputes." *Schmidt v. Finberg*, 942 F.2d 1571, 1574 (11th Cir. 1991).

Third, the panel reasonably could have decided that further delay would be inequitable. Laws waited more than three years

---

[3] *See also Floyd County Bd. of Educ. v. EUA Cogenex Corp.*, 1999 WL 1023704, *2-3 (6th Cir. Nov. 5, 1999) (unpublished) (applying the "any reasonable basis" test); *Fogelman v. Testerman,* 1998 WL 795194, *2 (4th Cir. Nov. 17, 1998) (unpublished) (same)*; Martin v. Little*, 1991 WL 34941, *1 (E.D. La. 1991) (unpublished) ("[T]he test is whether 'there exists a reasonable basis for the arbitrator's considered decision not to grant a postponement . . . .'") (quoting *Storey v. Searle Blatt, Ltd.*, 685 F. Supp. 80, 82 (S.D.N.Y. 1988)).

(until only two months before the scheduled hearing) to institute any discovery.[4]  Although Laws was ultimately unsatisfied with Morgan Stanley's responses, Morgan Stanley did respond to his request in a timely fashion.  Laws, however, neglected moving for a continuance until the day before the hearing even though he knew in advance that he would be receiving discovery on the eve of arbitration.  Accordingly, the panel may have concluded that Laws—having waited for more than three years before initiating discovery—was responsible for his situation.  Further delay may have been unfair to Morgan Stanley.  *See El Dorado Sch. Dist.*, 247 F.3d at 848 (holding that the arbitrator reasonably could have determined "that postponement was inappropriate because the parties had expended considerable time, effort and money based on the hearing dates").  Indeed, Laws's own motion for continuance acknowledged that the attorneys in the case would have to cancel flight plans at the last minute.

In light of these reasonable bases for denying Laws's continuance, the panel did not deny him a fair hearing.

## IV.  CONCLUSION

Laws has not shown misconduct.  We will not disturb the arbitration panel's judgment.

AFFIRMED.

---

[4] Laws's brief provides no explanation for this delay in seeking discovery.