

# NUMBER 13-14-00345-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**COLUMBIA VALLEY
HEALTHCARE SYSTEM, L.P.,**                                    **Appellant,**

**v.**

**RODOLFO J. WALSS, M.D., P.A.,**                                    **Appellee.**

---

On appeal from the 138th District Court
of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Benavides**

By five issues, which we will address as one main issue with sub-issues, appellant,

Columbia Valley Healthcare System, L.P. ("Columbia Valley") appeals the trial court's

judgment vacating its arbitration award.   We reverse and remand.

# I. BACKGROUND

In early 2011, Valley Regional Medical Center ("Valley Regional"), a subsidiary of Columbia Valley, entered into a Recruiting Agreement ("the contract") with Dr. Alberto Aguayo-Orozco ("Aguayo"). Aguayo was to join the practice of Dr. Rodolfo Walss ("Walss") as part of the contract. Both Aguayo and Walss executed agreements with Valley Regional agreeing to all parts of the contract. As a part of the contract, any controversy or claim between the parties would be settled by mandatory binding arbitration. Within the first twelve months of the contract, Columbia Valley found that there had been a material breach of the contract by Walss and Aguayo and filed suit against them.

In August 2012, Valley Regional, acting on behalf of Columbia Valley, initiated arbitration between the parties. Arbitrator Penny Hobbs was appointed to handle the arbitration. In January of 2013, Hobbs issued a scheduling order to the parties, which included all deadlines, and set the arbitration for October 9, 2013. On July 5, 2013, shortly before the deadline to file dispositive motions, Columbia Valley filed a motion to modify the scheduling order. In their motion, Columbia Valley asked for a three-and-a-half week continuance in order to take the deposition of Walss's billing manager. The motion alleged that the deposition was set for a date shortly after the original motions deadline; previous attempts to depose the manager unsuccessful due to motions to quash the deposition filed by Walss. Hobbs granted the motion and sent out an amended scheduling order to the parties. On August 2, 2013, Columbia Valley filed their motion for summary judgment.

Later that month, Walss asked Columbia Valley via e-mail to agree to move the arbitration until January of 2014. Columbia Valley agreed to a one-month extension of the arbitration hearing to November 2013 if Columbia Valley's motion for summary judgment was denied, but nothing further. Walss did not agree with Columbia Valley's counter-offer and filed a motion to extend the deadlines and continue the arbitration. In that motion, Walss did not address the motion for summary judgment filed by Columbia Valley. Hobbs denied the motion for continuance filed by Walss, stating that she felt the motion "contains factual inaccuracies and fails to fulfill the requirements of Texas Rule of Civil Procedure 252 or to otherwise justify the need for an extension of deadlines or for a continuance." The arbitration moved forward as scheduled, and neither party asked for a hearing to present oral arguments. Walss never filed a response to Columbia Valley's motion for summary judgment. Hobbs reviewed the documents submitted to her, found in favor of Columbia Valley, granted Columbia Valley's motion for summary judgment, and entered her second amended arbitration award[1] on October 30, 2013. Hobbs found both Walss and Aguayo were responsible for the breach of the contract and jointly and severally liable for damages in the amount of one hundred thirty-eight thousand nine hundred thirty-five dollars and nineteen cents ($138, 935.19) in favor of Columbia Valley.

Columbia Valley filed its original petition in the trial court shortly after the arbitration award was determined, and asked the trial court to grant their motion for summary judgment and confirm the arbitration award. Walss filed a motion to vacate the arbitration award alleging that the arbitrator was biased as evidenced by her denial of his

---

[1] Hobbs's First Arbitration Award was not a part of the record submitted to this Court. The Second Arbitration Award would appear to supersede any prior awards.

motion for continuance. After one day of oral hearing and another day meeting in chambers with the trial court,[2] the trial court granted the motion to vacate the arbitration award stating that "it appears that good cause exists."[3] This appeal followed.

## II. ARBITRATION AWARD VACATED

By five issues, Columbia Valley argues that: (1) the trial court erred in not confirming the award; (2) the arbitrator did not abuse her discretion by denying Walss's motion for continuance; (3) there was no "evident partiality" by the arbitrator; (4) the arbitrator was not "guilty of misconduct in refusing to postpone the hearing upon sufficient cause"; and (5) there was no substantive unconscionability. However, issues two through five appear to be sub-issues of issue one and we will address them as such.

## A. Standard of Review

"Review of a trial court's decision as to vacatur or confirmation of an arbitration award is de novo and the appellate court reviews the entire record." *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 17 (Tex. App.—Corpus Christi 2010, no pet.); *see In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 397 (Tex. App.—Dallas 2009, pet. denied). "However, all reasonable presumptions are indulged in favor of the award, and none against it." *Id.* "Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *In re Cantu*, 330 S.W.3d at 17; *see E. Tex.*

---

[2] Information provided from the trial court's court reporter is that these motions were addressed on two different days before the trial court. However, the second day consisted of an oral hearing and an in-chambers meeting between the parties and trial judge. The oral hearing on the second day was not recorded or transcribed by the court reporter and unavailable for this Court to review.

[3] The trial court also took Columbia Valley's motion for summary judgment to confirm the arbitration award under advisement. However, there was never a ruling by the trial court handed down on the motion for summary judgment.

4

*Saltwater Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). "We give strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution." *Age Industries, Ltd. v. Edwards*, 318 S.W.3d 461, 462 (Tex. App.—El Paso 2010, pet. dism'd). "Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *In re Cantu*, 330 S.W.3d at 17 (quoting *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002)).

## B. Applicable Law and Discussion

The Texas Supreme Court has "long held that 'an award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it.'" *In re Cantu*, 330 S.W.3d at 18 (quoting *CVN Group,* 95 S.W.3d at 238). Arbitration awards can only be vacated under very limited circumstances. *Id.* "When a non-prevailing party seeks to vacate an arbitration award, it bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award." *In re Cantu*, 330 S.W.3d at 24; *see In re Chestnut*, 300 S.W.3d at 401. "When there is no transcript of the arbitration hearing, as here, the appellate court will presume the evidence was adequate to support the award."[4] *Id.*

The "Texas statutes governing arbitration of disputes, commonly referred to as the [Texas Arbitration Act or] TAA, are found in chapter 171 of the Texas Civil Practice and

---

[4] According to the arbitrator's second amended arbitration award, "the parties were offered the opportunity for a hearing for oral argument on Claimant's Motion for Summary Judgment. None of the parties requested a hearing." The arbitrator based her decision of the motions filed and the evidence attached to those motions by the parties.

Remedies Code." *In re Chestnut*, 300 S.W.3d at 394; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 171.001–.098 (West, Westlaw through 2015 R.S.). The federal statutes governing arbitration are commonly referred to as the Federal Arbitration Act ("FAA") and are found in Title 9 of the United States Code. *See* 9 U.S.C.A. § 2-16 (West, Westlaw through P.L. 114-61). The arbitration clause found in the contract between Columbia Valley and Walss states:

> Any controversy or claim arising out of or related to the Recruiting Agreement of this Addenda or any breach thereof shall be settled by mandatory binding arbitration in accordance with the rules and procedures of alternative dispute resolution and arbitration established by the Alternative Dispute Resolution Service of the American Health Lawyers ("AHLA") [5] or, in the sole discretion of Hospital, by the Commercial Arbitration Rules of the American Arbitration Association ("AAA").

Both parties agree in their briefs that there is no conflict between the requirements for vacatur under the TAA and the FAA, and that both the TAA and the FAA allow for vacatur of an arbitration award if there was arbitrator misconduct.

### 1.    TAA (Texas Arbitration Act)

By its first sub-issue, Columbia Valley argues that Hobbs did not abuse her discretion in denying Walss's motion for continuance. Hobbs denied Walss's motion for continuance because it was her opinion that "it contains factual inaccuracies and fails to fulfill the requirements of Texas Rule of Civil Procedure 252 or to otherwise justify the need for an extension of deadlines of for a continuance." The wording used in Hobbs's denial refers to analysis under the TAA.

The civil practice and remedies code "dictates that, unless grounds are offered for

---

[5] The AHLA has their own set of rules and procedures, in addition to the FAA and TAA, that must be followed when one of their arbitrators are handling a dispute between health care parties.

vacating, modifying, or correcting an award under other specified sections of the code, the court, on application of a party, shall confirm the award." *In re Cantu,* 330 S.W.3d at 18; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087. The grounds for vacating an award under the code are set out in section 171.088(a), which states:

On application of a party, the court shall vacate an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator;

(C) misconduct or willful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

*(B) refused to postpone a hearing after a showing of sufficient cause for the postponement;*

(C) refused to hear evidence material to the controversy;

(D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of the party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising an objection.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a) (emphasis added).

To determine what would constitute "sufficient cause for postponement,. . .we may examine the grounds a court would find sufficient to support a motion for continuance in a trial court." *Id.*; *Hogget v. Zimmerman*, 63 S.W.3d 807, 811 (Tex. App.—Houston [14th

7

Dist.] 2001, no pet.).   A motion for continuance cannot be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."   *In re Cantu*, 330 S.W.3d at 26 (quoting TEX. R. CIV. P. 251).   "When a continuance is sought because of the unavailability of a party, we examine Texas Rule of Civil Procedure 252." *Id.* at 27.   Rule 252 states:

> If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

*Id.* (quoting TEX. R. CIV. P. 252); *see Duerr v. Brown*, 262 S.W.3d 63, 78–79 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

"Factors to consider when deciding whether a trial court abused its discretion in denying a continuance include the length of time the case has been on file; the materiality and purpose of the discovery sought; and whether the party seeking the continuance exercised due diligence to obtain the requested discovery."   *Id.* at 69; *see Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).   Additionally, courts can consider other factors, such as "when a motion for continuance is based upon the absence of a party, there must be a showing of diligence in attempting to obtain the required testimony."   *Humphrey v. Ahlschlager*, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no pet.); *see Gold Rush, Inc. v. Wayne*, No. 13-05-00497-CV, 2006 WL 2076725, at *2 (Tex. App.—Corpus Christi Oct. 3, 2006, no pet.) (mem. op.).   It is "well

8

established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." *Id.* (quoting *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1998)).

Walss's continuance needed to specifically list which persons he needed to depose, why their testimony would be material to his case, what due diligence he had used to procure this testimony albeit unsuccessfully, and if it was related to a person's absence, that person's name and residence. *See* TEX. R. CIV. P. 252. His motion for continuance only listed by name his co-defendant, Aguayo, but not the representatives from Columbia Valley that Walss wanted to depose. In Walss's motion for continuance, he stated:

> No discovery from co-defendant Aguayo has been exchanged between the parties. Plaintiff has not taken the deposition of co-defendant Aguayo. In contrast, Defendant Walss has submitted relevant discovery and has also been deposed in this matter by Plaintiff.
>
> Defendant Walss has not had the opportunity to depose Plaintiff's corporate or accounting representatives or the financial expert designated by Plaintiff. Neither Plaintiff nor Defendant Aguayo have requested Defendant Aguayo be severed or have a separate arbitration. As such, Defendant Aguayo is an essential part of Plaintiff's claims and Defendant Walss's defense.
>
> Defendant Walss, is requesting a continuane [sic] to obtain discovery from Dr. Aguayo and to take the deposition of Plaintiff's accounting expert, as well as other key witnesses, which after conducted, may prompt Defendant Walss to file counterclaims against Plaintiff and/or Defendant Aguayo. These tasks cannot be accomplished in accordance with the current deadlines and setting for arbitration.

In contrast, the motion filed by Columbia Valley asked for an extension of a deadline to file motions. It stated:

> 2. The Hospital has been attempting to depose Ms. Cynthia Ibarra, who was previously the billing manager for Rodolfo J. Walss, M.D., P.A. and that deposition has been able to be scheduled to be completed in advance of

9

the July 9, 2013 deadline for dispositive motions.

3.	The Hospital did attempt to obtain this information through a request to depose a corporate representative of Rodolfo J. Walss, M.D., P.A. who could testify regarding Dr. Aguayo's gross cash receipts, his billings and collections on a monthly basis, the monthly reports regarding Dr. Aguayo's gross case receipts, the Practice's billing process, and the dates on which Dr. Aguayo was credentialed with Medicaid, Medicare, and various insurance companies. Dr. Walss was designated as that corporate representative, but was unable to supply any information regarding any of those categories as he stated that the only people that would have that knowledge were Dr. Aguayo and Ms. Ibarra, who no longer worked for the Practice. . . .

4.	Ms. Ibarra's deposition is currently scheduled for July 12, 2013, but Rodolfo J. Walss, M.D., P.A. has filed a motion to quash. A deadline of August 2, 2013 for dispositive motions should be workable for all parties with deadlines for responding and the hearing of motions in accordance with the Texas Rules of Civil Procedure.

Although Columbia Valley's motion did not have a signed verification attached, it was a thorough motion in accordance with Rule 252. *See* TEX. R. CIV. P. 252. In contrast, Walss's motion had a verified affidavit attached, but did not explain why discovery had not been conducted, what problems had been encountered, and what date was being requested for the resetting. In previous communication between the two parties, Columbia Valley had been amenable to a one month extension on the arbitration hearing date if their motion for summary judgment was denied by Hobbs. Walss requested at least a three-month extension from Columbia Valley, but Columbia Valley was not willing to agree to that length of time.

In reviewing Hobbs's decision to deny Walss's continuance under the standard required in a motion for continuance before the trial court, we conclude that it was not an abuse of discretion for Hobbs to deny Walss's continuance. Walss's motion did not specifically address all persons he needed to depose, what they would testify to, why the

10

depositions had not occurred prior to the filing of the motion, or if there was depositions scheduled in the near future.   Additionally, Walss did not explain how these depositions would change the outcome of his case against Columbia Valley.

Although the arbitrator had set the deadline at least seven months prior, and the arbitration itself had been pending for over a year, there was no evidence submitted to the arbitrator or trial court showing that Walss had attempted to set up these depositions without success.   In an e-mail submitted by both parties, Walss, in response to Columbia Valley's deposition requests for his billing representative, asked where certain hospital representatives, as well as Aguayo, would be deposed, but did not attach any evidence of his request for dates to Columbia Valley to carry out the depositions he requested in his motion.   In his motion for continuance, Walss claims that Columbia Valley has not deposed the co-defendant, Aguayo, and therefore Walss is entitled to a continuance, but Columbia Valley never scheduled a deposition with Aguayo.   Walss had the ability under the discovery process to request this deposition, but appears to not have done so. Because his motion for continuance was lacking important required factual information and Walss did not show that the information missing was not due to his lack of diligence, Hobbs was within her discretion to deny Walss's continuance under the TAA.

### 2.    FAA (Federal Arbitration Act)

By its third sub-issue, Columbia Valley argues that Hobbs was not guilty of any misconduct in refusing to postpone the arbitration hearing.   The Federal Arbitration Act also "allows federal courts to vacate an arbitration award 'where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown. . . or of any other misbehavior by which the rights of any party have been prejudiced.'"   *Laws v.*

11

*Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006) (quoting 9 U.S.C. §

10(a)(3) (West, Westlaw through P.L. 114-61)). Specifically section 10 of the FAA

states:

> (a) In any of the following cases in the United States court in and for the
> district wherein the award was made may make an order vacating the
> award upon the application of any party to the arbitration—
>
>> (1) where the award was procured by corruption, fraud, or undue
>> means;
>>
>> (2) where there was evident partiality or corruption in the
>> arbitrators, or either of them;
>>
>> (3) *where the arbitrators were guilty of misconduct in refusing to
>> postpone the hearing, upon sufficient cause shown, or in refusing to
>> hear evidence pertinent and material to the controversy; or of any
>> other misbehavior by which the rights of any party have been
>> prejudiced; or*
>>
>> (4) where the arbitrators exceeded their powers, or so imperfectly
>> executed them that a mutual, final, and definite award upon the
>> subject matter submitted was not made.

9 U.S.C. § 10(a)(1-4) (West, Westlaw through P.L. 114-61) (emphasis added).

"To constitute misconduct requiring vacation of an award, an error in the

arbitrator's determination must be one that is not simply an error of law, but which so

affects the rights of a party that it may be said that he was deprived of a fair hearing." *Id*.

(quoting *El Dorado Sch. Dist. No. 15 v. Continental Cas. Co.*, 247 F.3d 843, 848 (8th Cir.

2001)). However, "procedural matters relating to the confirmation of arbitration awards

in Texas courts are governed by Texas law even if the FAA supplies the substantive rules

of decision." *In re Chestnut*, 330 S.W.3d at 395.

In *Laws*, similar to the present case, Laws requested and was denied a

continuance by an arbitration panel. 452 F.3d at 400. In that case, Laws did not show

12

what prejudice he suffered by this denial, or what documents were material to his case or how more time would have enabled him to present his case differently. *Id*. Additionally, Laws waited until very close to the deadline in order to initiate the discovery process. *Id*. There, the Fifth Circuit Court of Appeals held the arbitration panel did not engage in misconduct by denying the appeal. *Id*. at 398.

Similarly here, although Walss had been participating in the discovery process through e-mail communications and documents exchanged between the parties, the e-mails provided to the trial court showed that Columbia Valley was the party requesting dates and information from Walss, with follow-up reminders to Walss when information was not provided. Walss did request information from Columbia Valley about the persons he wanted to depose, but there was never any documentation that deposition dates were requested by Walss or those persons listed in Walss's motion for continuance were unavailable.

Walss does not show how the denial of his motion for continuance "so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Id*. Although Walss claims in his motions to the trial court that his '"discovery efforts were hindered" by Columbia Valley, he does not explain further or provide evidence of this assertion, nor did he address any issues with Columbia Valley in front of Hobbs. Walss also claims he was prevented from presenting elements of his defense by the denial of his continuance by Hobbs, but does not explain which elements and how the testimony from the witnesses he wanted to depose would have supported those elements. Similar to Walss's issue under the TAA, Walss does not show that Hobbs committed misconduct by denying his motion for continuance. Without a clear abuse of discretion, the granting or denial of a

13

motion for continuance is within the trial court or arbitrator's sound discretion and will not be disturbed on appeal. *See State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

Under both the TAA and the FAA, Walss's motion for vacatur under this ground fails. The trial court should not have granted Walss's motion to vacate the arbitration award. Walss did not show how Hobbs abused her discretion or how Walss demonstrated sufficient cause for the postponement under the TAA or the FAA. We sustain Columbia Valley's main issue.

### 3.    Evident Partiality

By its second sub-issue, Columbia Valley argues that Walss did not establish evident partiality that he raised in his motion to vacate the arbitration award. In order to have a showing of evident partiality, an arbitrator would "exhibit evident partiality under [section 171.014 of the Texas Civil Practice and Remedies Code] if the arbitrator does not disclose facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality." *Burlington Northern R. Co. v. TUCO Inc.*, 960 S.W.2d 629, 629–630 (Tex. 1997). "A party seeking to vacate an award on the basis of evident partiality must prove the existence of facts that would establish a reasonable impression of the arbitrator's partiality to one party." *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 233 (Tex. App.—Houston [14th Dist.] 1993, writ denied). In *Commonwealth Coatings Corp. v. Continental Casualty Co.*, the United States Supreme Court imposed "the simple requirement that arbitrators disclose to the parties any dealings that might create the impression of possible bias." *Burlington*, 960 S.W.2d at 633 (quoting *Commonwealth*, 393 U.S. 145, 149 (1968)). Courts have determined that "something

14

more than an 'appearance of bias' was necessary to disqualify an arbitrator." *Burlington*, 960 S.W.2d at 633 (referring to the fact that most arbitrators are experts in a particular field and could have had prior remote dealings with either party).

Evident partiality is normally found when there were prior undisclosed relationships between the arbitrator and one of the parties. Neither party argues that Arbitrator Hobbs had a prior or current relationship with either party that would have caused her bias. *See id.* Additionally, Walss does not make a showing of facts that would lead an objective observer to believe there was bias or impartiality towards Walss or Columbia Valley. *See id.* at 629–30. Walss filed his motion to vacate the award on the basis of bias due to the denial of his motion for continuance. Walss never argued to the trial court or this court that Hobbs had an undisclosed relationship or prior bias that was unknown to him. We conclude that Walss failed to show that Hobbs demonstrated evident partiality towards either side or that either party argued that she did to the trial court.

### 4.    Substantive Unconscionability

By its fourth sub-issue, Columbia Valley argues that Walss raised the issue of substantive unconscionability in his motion to vacate the arbitration award. In his motion to the trial court, Walss claims the arbitration agreement "can be unconscionable if a party asserts, among other things, that discovery is unfairly limited, and/or the agreement unfairly demands waiver of the right to a jury trial." *See Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 384–85 (6th Cir. 2005). Walss goes on to say: "In the instant case, only one deposition was permitted by the arbitrator–that of Defendant Walss. The arbitrator denied Walss's request to continue the hearing on Plaintiff's Motion for Summary Judgment, thus denying Walss the opportunity to depose Plaintiff's designated

15

experts and Co-Defendant Alberto Aguayo M.D." However, later in the same motion, Walss asserts that he is not requesting the vacatur of the arbitration award based on the correctness of the decision or merits of the case, but instead claims "the arbitrator's actions constitute substantive unconscionability by unfairly limiting the discovery to which Walss was entitled."

"Substantive unconscionability refers to the fairness of the arbitration provision itself, whereas procedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision." *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015). Although Walss quotes *Walker v. Ryan's Family Steak Houses, Inc.*, that case addresses adhesion contracts and the arbitration provision itself. 400 F.3d 370, 384–85 (6th Cir. 2005). Columbia Valley correctly asserts in a footnote that "the issues of 'substantive unconscionability' relate to the agreement to arbitrate, not to the arbitrator's rulings. In any unconscionability inquiry, courts focus on two aspects of contract formation–procedural unconscionability and substantive unconscionability." *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 821–22 (Tex. App.—San Antonio 1996, no writ). Walss does not claim the contract was unfair; he claims it was unfair of Hobbs to deny his motion for continuance. Therefore, the issue is not properly before us to review and we decline to address it.

## C.   Summary

We agree with Columbia Valley's main issue and that the trial court did err in vacating the arbitration award. Hobbs did not abuse her discretion in denying Walss's motion for continuance under both the TAA and FAA requirements. Hobbs did not display any evident partiality towards Columbia Valley, and there was no undisclosed

relationship that would have led to any bias between Hobbs and the parties. Additionally, there was no showing of substantive unconscionability by Hobbs, as there was no argument regarding the arbitration clause itself.

### III. CONCLUSION

We reverse the trial court's judgment vacating the arbitration award and remand to the trial court for further proceedings consistent with this opinion.


GINA M. BENAVIDES,
Justice


Delivered and filed the
29th day of December, 2015.