# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11641

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2019

Lyle W. Cayce
Clerk

JEREMY J. WALKER,

     Plaintiff - Appellant

v.

AMERIPRISE FINANCIAL SERVICES, INCORPORATED,

     Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1675

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Jeremy Walker appeals the district court's order denying his petition to vacate an arbitration ruling and granting Ameriprise's motion to confirm the ruling. We affirm.

I.

In 2015, Ameriprise Financial Services ("Ameriprise") and franchise owner Scott Miller sought a temporary restraining order against former

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11641

employee Jeremy Walker to prevent him from utilizing confidential customer information. Pursuant to the parties' agreement, Ameriprise and Miller instituted a Financial Industry Regulatory Authority ("FINRA") arbitration proceeding. The 2015 FINRA panel arbitrated Ameriprise's claims against Walker for misappropriation of trade secrets, breach of contract, breach of fiduciary duty, conversion, unfair competition, and unjust enrichment.

During the 2015 arbitration, Walker sought permission to amend his answer and assert counterclaims against Ameriprise for civil conspiracy, fraud, and unjust enrichment. Ameriprise opposed Walker's request, asserting that Walker was using the amendments as a vehicle to re-litigate issues of liability dealt with at a prior hearing. The panel denied Walker's request to add counterclaims and only allowed him to amend his answer to "assert claims or defenses … including in bar or in mitigation of Claimants' claims." Walker nonetheless argued his "counterclaims" at an August 2015 hearing when the panel considered Ameriprise's request for a permanent injunction. The 2015 arbitration resulted in an award against Walker and in favor of Ameriprise for injunctive relief, compensatory damages and attorney fees. Walker sought review of the arbitrator's authority to award attorney fees in state court. He did not challenge any other aspects of the 2015 proceedings or final award.

In 2017, Walker filed a FINRA arbitration against Ameriprise, primarily alleging he was improperly enjoined by the 2015 arbitration. He also sought to recover for the allegedly "false, fraudulent, and intentional conduct of Ameriprise." He set forth fourteen causes of action. A second FINRA arbitration panel was convened.

Ameriprise moved to dismiss the arbitration under FINRA Code of Arbitration Procedures for Industry Disputes Rule 13504(a)(6). Rule 13504(a)(6)(C) provides that dismissal may be granted when the arbitrators find the "non-moving party previously brought a claim regarding the same

No. 18-11641

dispute against the same party that was fully and finally adjudicated on the merits and memorialized in an order, judgment, award, or decision." Both parties submitted briefing and evidence, after which the panel held a hearing on Ameriprise's motion. The panel found the elements of Rule 13504(a)(6)(C) met and unanimously dismissed the arbitration. The panel ruling explained that dismissal was based on Walker's participation in the 2015 arbitration.

Walker then filed a motion to vacate the 2017 ruling in district court, arguing that vacatur was required because the 2017 panel was "guilty of misconduct" under 9 U.S.C. § 10(a)(3) and "exceeded [its] powers" under 9 U.S.C. § 10(a)(4). The district court disagreed, denied Walker's motion on both grounds, and granted Ameriprise's motion to confirm the arbitration ruling. Walker appeals.

II.

"Appellate review of an order confirming an arbitration award proceeds *de novo*, using the same standards that apply to the district court." *21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014). "We accept findings of fact that are not clearly erroneous." *Hughes Training Inc. v. Cook*, 254 F.3d 588, 592 (5th Cir. 2001).

Judicial review of an arbitration award is "exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petroleum Ops. Co.*, 687 F.3d 671, 674 (5th Cir. 2012). A party seeking vacatur of an arbitration award "must clear a high hurdle." *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is not enough . . . to show that the panel committed an error—or even a serious error." *Id.* "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Id.* (alterations and internal quotation marks omitted) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). "[A] court may not

decline to enforce an award simply because it disagrees with the arbitrator's legal reasoning." *Reed v. Fla. Metro. Univ., Inc.*, 681 F.3d 630, 637 (5th Cir. 2012), *abrogated on other grounds by Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013).

A court may vacate an arbitration award only for the reasons set out in 9 U.S.C. § 10(a). *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009). Under 9 U.S.C. § 10(a), vacatur is proper

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Walker seeks vacatur under § 10(a)(3) and (4) only. First, he argues that vacatur is appropriate under § 10(a)(3) because the panel was guilty of misconduct for failing to allow him to present evidence and testimony. We disagree. Walker asserts that "[i]t was incumbent on the 2017 Panel to schedule and then conduct a hearing to receive evidence and witness testimony on the merits of Ameriprise's Motion to Dismiss." And he claims to be aggrieved because he "reasonably expected the 2017 Panel to deny the Motion to Dismiss." But rather than point to specific instances of misconduct, Walker makes a cursory assertion that "the casual approach taken by the 2017 Panel . . . creates the impression that the universal sense of justice was violated."

Contrary to Walker's argument, the record shows that Walker was not prevented from presenting evidence or testimony. All parties and the three

arbitrators attended an Initial Prehearing Conference where discovery deadlines, Rule 13504 briefing rules, and hearing dates were set. After Ameriprise filed for dismissal, Walker filed both a preliminary and a supplemental response. Ameriprise's motion was heard via telephone conference attended by the full arbitration panel and all parties and counsel, who presented evidence for approximately one hour. We see no indication that the panel refused to hear material evidence, engaged in any other misconduct, or otherwise deprived Walker of a fair hearing. "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said he was deprived of a fair hearing." *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006). Walker has not met his burden for vacatur under § 10(a)(3).

Second, Walker argues vacatur is appropriate under § 10(a)(4) because the 2017 panel "exceeded its powers" by dismissing his claims under Rule 13504(a)(6) as fully adjudicated by the 2015 panel. We again disagree. Walker's challenge rests on his assertion that the 2017 panel erred in determining that the elements of Rule 13504(a)(6) were met. But Walker's argument fails to implicate the standard for vacatur under section 10(a)(4). "An arbitrator exceeds his powers [under § 10(a)(4)] if he acts contrary to express contractual provisions." *YPF S.A. v. Apache Overseas, Inc.*, 924 F.3d 815, 818 (5th Cir. 2019) (internal quotation marks omitted). Walker does not argue that the panel violated any express provisions of the arbitration agreement, but only that it incorrectly applied Rule 13504. Even if that were true, however, "[s]uch [alleged] legal errors lie far outside the category of conduct embraced by § 10(a)(4)." *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 547 (5th Cir. 2016) (internal quotation marks omitted) (quoting *Beard Indus., Inc. v. Local 2297, Int'l Union*, 404 F.3d 942, 946 (5th Cir. 2005)). Because Walker

No. 18-11641

fails even to argue that the panel violated the agreement to arbitrate, *see Petrofac*, 687 F.3d at 674-75, he fails to meet his burden for vacatur under § 10(a)(4).

In sum, Walker has not identified any reason why the district court erred in denying his motion to vacate and in confirming the arbitration ruling.

AFFIRMED

6