**Affirm in part, Reverse and Remand in part Opinion Filed March 2, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00271-CV

## WEH-SLMP INVESTMENTS, LLC, WEHII-SRPOII INVESTMENTS, LLC, AND WRANGLER ENERGY HOLDINGS II, LLC, Appellants
## V.
## WRANGLER ENERGY, LLC AND WRANGLER ENERGY II, LLC, Appellees

### On Appeal from the 134th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-18-08087

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

WEH-SLMP Investments, LLC, (Investments 1), WEHII-SRPOII Investments, LLC, (Investments 2), and Wrangler Energy Holdings II, LLC (Holdings 2) appeal the trial court's judgment vacating an arbitrator's award of attorney's fees against appellee Wrangler Energy, LLC (Energy 1). Appellee Wrangler Energy II, LLC (Energy 2) brings a cross-appeal challenging the trial court's confirmation of the arbitrator's award of attorney's fees against it. For reasons set out below, we reverse the trial court's judgment vacating the arbitrator's award of attorney's fees against Energy 1, affirm the trial court's judgment confirming the award of attorney's fees against Energy 2, and remand this case to the trial court to render judgment in accordance with the arbitration award.

FACTUAL BACKGROUND

In this oil and gas case, the parties entered into agreements pertaining to the acquisition, sale, and profit sharing of mineral interests and mineral leaseholds. Subsequently, a dispute arose, and Energy 2 sued appellants for breach of contract, promissory estoppel, unjust enrichment, and breach of fiduciary duty. After Energy 2's suit was filed, appellants filed a demand for arbitration with the American Arbitration Association on various claims against Energy 2 as well as Energy 1.[1] The case was assigned AAA Case #01-18-0002-8763. Three days later, appellants answered the lawsuit with a general denial, verified pleas, and affirmative defenses, including that Energy 2's claims were subject to a binding arbitration agreement. Appellants also counterclaimed for declaratory judgment.

Investments 2 moved to compel arbitration in Energy 2's suit and to stay the trial court proceedings, relying on section 13.09(b) of the Amended and Restated Limited Liability Company Agreement of Wrangler Energy Holdings II, LLC [Holdings 2]:

> The Members agree that any and all disputes or claims by any Member or the Company arising from or related to this Agreement that cannot be amicably settled, will be determined solely and exclusively by arbitration in accordance with the Federal Arbitration Act and using the rules of the American Arbitration Association or any successor thereof when not in conflict with such act; *provided, however,* that nothing contained in this Section 13.09 shall limit any Party's right to bring (i) post-arbitration actions seeking to enforce an arbitration award or (ii) actions seeking injunctive or other similar relief under this Section 13.09 in the event of a breach or threatened breach of any of the provisions of this Agreement (or any other agreement contemplated hereby). . . .

The clause further provided the process and timeline for selecting an arbitrator and for rendering a "final decision (which may include the award of reasonable attorney's fees and

---

[1] Although the demand is not in the appellate record, appellants included the fact in their brief and it has not been challenged by appellees. *See* TEX. R. APP. P. 38.1(g).

costs) . . . ." The agreement provided that it was governed by and construed in accordance with Delaware law.

Two months later, the parties filed a Rule 11 agreement with the trial court in which they agreed to "jointly instruct the Court, and the arbitration, that all disputes between these parties, now existing or which arise prior to the conclusion of the arbitration hearing in Case # 01-18-0002-8763 before the American Arbitration Association and that are or could be joined in this action, are hereby transferred into arbitration." Thereafter, the trial court signed an order staying the case pending arbitration.

In the arbitration, appellants brought breach of contract claims against appellees and also sought attorney's fees and expenses; appellees brought breach of contract and breach of fiduciary duty claims against appellants and also sought attorney's fees and expenses. Following a three-day arbitration hearing, the arbitrator issued a twenty-seven-page Findings of Fact, Conclusions of Law, and Award in which he (1) denied appellants' claim against Energy 1 for failure to meet its capital-call obligation to Wrangler Energy Holdings, LLC (Holdings 1); (2) awarded appellants $344,444.44 from Energy 2 for its failure to meet its capital call obligation to Holding 2; (3) denied appellees' affirmative claims; and (4) determined appellants were entitled to recover their reasonable and necessary attorney's fees and requested documentation to support their fee request. Appellants submitted a fee application, and the arbitrator issued his final award, which included $1,532,213.94 in attorney's fees and expenses against both Energy 1 and Energy 2. With respect to attorney's fees, the arbitrator made the following "Conclusions of Law":

> 19. The arbitration provision in the parties' agreement permits the award of reasonable attorney's fees and costs at the arbitrator's discretion. Exhibit 2, at 62-62,§ 13.09(b).

> 20. Even absent the contractual authority of the arbitrator to award fees, under Delaware law, an award of attorney's fees to the prevailing party is appropriate where "the losing party brought the action in bad faith[.]" *Israel Disc. Bank of New*

*York v. First State Depository Co., LLC*, 2013 WL 2326875, at \*28 (Del Ch. May 29, 2013).

Appellants then moved to lift the stay imposed by the trial court, to confirm the arbitration award, and to enter final judgment in accordance with the award. In response, appellees moved to vacate the award, arguing that the arbitrator "exceeded his powers" by awarding attorney's fees. Generally, they argued that, under Delaware law, because appellants did not prevail on their claims against Energy 1, the arbitrator had no authority to award attorney's fees against Energy 1. As to Energy 2, they argued there was no agreement between these parties for the award of attorney's fees as required by Delaware law.

In response, appellants argued that (1) appellees could not relitigate matters determined by the arbitrator, and review of the arbitrator's award was limited and could not be vacated based upon a mistake in law or fact and (2) even if the award was subject to review, "[t]wo clear legal bases substantively authorize the fee award." First, they argued the amended operating agreements for Holdings 1 and Holdings 2 contain agreements between the parties to "arbitrate any disputes between them." Second, they argued that, under Delaware law, a party may become liable to the other's attorney's fees when it appears that the party or its counsel has proceeded in bad faith, has acted vexatiously, or has relied on misrepresentations of fact or law in connection with advancing a claim. *See Rice v. Herrigan-Ferro,* No. 401-S, 2004 WL 1587563, at \*1 (Del. Ch. July 12, 2004).

The trial court conducted a hearing on the motions at which arguments and evidence was presented. After considering the motions, the trial court signed an order denying the motion to confirm, granting the motion to vacate, and ordering the award vacated. In its final judgment signed on the same day, the trial court granted the motions in part and denied them in part. Specifically, the court ordered that the arbitrator's "Award" and "Final Award," attached as exhibits, were adopted and incorporated into the final judgment except as to the award of attorney's

fees. The trial court vacated the arbitrator's award of attorney's fees against Energy 1 and confirmed the award of attorney's fees as to Energy 2. Both sides appealed.

VACATUR OF ATTORNEY'S FEES AGAINST ENERGY 1

In their first issue, appellants contend the trial court erred by vacating the arbitrator's award of attorney's fees against Energy 1. They argue that contrary to appellees' argument below, the arbitrator did not exceed his authority.

We review a trial court's vacatur of an arbitration award de novo under the FAA based on the entire record. *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 397 (Tex. App.—Dallas 2009, pet. denied). However, an arbitration award is treated the same as the judgment of a court of last resort. *Ancor Holdings, LLC v. Peterson, Goldman & Villani*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). All reasonable presumptions are indulged to uphold the arbitrator's decision, and none is indulged against it. *Id.*

An arbitration award governed by the FAA, as was the case here, must be confirmed unless it is vacated, modified, or corrected under certain limited grounds. *See* 9 U.S.C. §§ 9–11. Section 10 of the FAA provides the only grounds for vacating an award. Section 10(a)(4) provides that an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See id.*§ 10(a)(4).

Our inquiry under section 10(a)(4) is whether the arbitrator had the authority, based on the arbitration agreement and the parties' submission, to reach a certain issue, not whether the arbitrator correctly decided the issue. *Ancor Holdings*, 294 S.W.3d at 829 (citing *Executone Info. Sys. , Inc. v. Davis*, 26 F.3d 1314, 1323 (5th Cir. 1994); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997)). The award must be derived in some way from the wording and purpose of the agreement, and we look to the result reached to determine whether the award is

rationally inferable from the contract. *Id.* We may not vacate an arbitration award for errors in interpretation or application of the law or facts. *Id.*; *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 844 (5th Cir. 2020) ("An arbitrator's legal or factual error ordinarily does not warrant vacatur."). "Where the arbitrator is 'even arguably construing or applying the contract or acting within the scope of his authority the fact that a court is convinced he committed serious legal error does not suffice to overturn that decision.'" *Quezada*, 946 F.3d at 844 (quoting *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n Int'l,* 343 F.3d 401, 405 (5th Cir. 2003) quoting *Eastern Assoc. Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57 (2000)).

Below, appellees sought to vacate the arbitration award on the basis that the arbitrator failed to follow Delaware law in awarding attorney's fees and, in doing so, exceeded his powers. This argument, however, is nothing more than a complaint that the arbitrator committed an error of law. But a complaint that the arbitrator decided the issue incorrectly or made mistakes of law is not a complaint that the arbitrator exceeded his powers. Here, the arbitration clause extended to "any and all disputes or claims by any Member or the Company arising from or related to this Agreement." Further, the agreement explicitly provided that the arbitrator would render a final decision "which may include the award of reasonable attorney's fees and costs." Accordingly, based on the record before us and the arguments made, we conclude that appellees failed to show that the arbitrator exceeded his powers by awarding attorney's fees.

In their brief on appeal, appellees rely on "manifest disregard" of the law to support vacatur of the attorney's fees. But this Court, after considering the United States Supreme Court opinion in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), and the Fifth Circuit opinion in *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009), has previously concluded our review of an arbitration award under the FAA is limited to the statutory grounds. *See Ancor*, 294 S.W.3d 818, 828 & n.4. Thus, to the extent manifest disregard constitutes a

nonstatutory ground for vacating an arbitration award, it is not a proper basis for vacating an award under the FAA. To the extent manifest disregard survived *Hall Street* as a "judicial gloss" on the statutory grounds,[2] it requires far more than mere error in law or a failure of the arbitrator to understand or apply the law. *See DynaColor, Inc. v. Razberi Techs., Inc.*, No. 19-10720, 2020 WL 115978, at *3 (5th Cir. Jan. 9, 2020) (per curiam); *Marshall v. Green Giant Co.*, 942 F.2d 539 (8th Cir. 1991). It means the arbitrator "appreciated the existence of a clearly governing principle but decided to ignore or pay no attention to it." *DynaColor*, 2020 WL 115978, at *3. In other words, the arbitrator understood but deliberately ignored the law. No such showing was made in this case. We sustain the first issue and conclude the trial court erred in vacating the arbitration award.[3]

In their second issue, appellants also address whether the award was improperly "modified" under section 11 of the FAA. Under section 11, a court may modify or correct an arbitration award upon the application of any party to the arbitration:

 (a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11(a)–(c).

---

[2] The federal circuit courts are split as to whether "manifest disregard" survived *Hall Street* as an independent ground for review or as a "judicial gloss" on the statutory grounds for vacatur. *See DynaColor, Inc. v. Razberi Techs., Inc.*, No. 19-10720, 2020 WL 115978, at *3 (5th Cir. Jan. 9, 2020) (comparing circuits that no longer recognize standard to circuits that continue to recognize manifest disregard as a basis for vacating arbitration awards).

[3] In their second issue, appellants also address whether the award was improperly "modified" under section 11 of the FAA. Even if we assume the trial court's action could be interpreted as a modification, as opposed to vacatur, appellees did not argue below, or on appeal, any of the statutory grounds of modification to set aside the award of attorney's fees. Regardless, none of those grounds apply. As stated previously, an arbitration award will not be set aside for error in interpreting the law.

Here, appellees did not argue in the trial court or on appeal any of the statutory grounds for modification to set aside the award of attorney's fees. Thus, to the extent this issue needs to be addressed, the record does not show there was any "material miscalculation" of figures or mistake in the description of anything in the award or that the award was "imperfect in matter of form." Moreover, we have previously concluded attorney's fees were within the scope of matters submitted to the arbitrator. Because appellees failed to show any statutory grounds for modification of the award, we sustain the second issue.

CROSS-APPEAL: CONFIRMATION OF ATTORNEY'S FEES AGAINST ENERGY 2

In a cross-appeal, Energy 2 contends the trial court erred in confirming the arbitrator's award of attorney's fees against it because the arbitrator acted in "manifest disregard" of Delaware law. Energy 2 argues it never executed the amended operating agreement, which contains the arbitration clause, and thus did not agree to the provision requiring the arbitrator to issue "a final decision (may include the award of reasonable attorney's fees and costs). . . ." Rather, they contend another document controlled the relationship between Investments 2 and Energy 2, and it did not contain an arbitration clause.

Even assuming the correctness of Energy 2's argument that it was not bound by the arbitration agreement, Energy 2 entered into a rule 11 agreement in which it agreed that "all disputes between these parties, now existing or which arise prior the conclusion of the arbitration hearing" and "that are or could be joined in this action," would be arbitrated. Nothing in this language identifies attorney's fees as a claim that could not be determined by the arbitrator. For the same reasons explained above as to why vacatur was not appropriate, we conclude the trial court did not err in confirming the award of attorney's fees against Energy 2. We overrule the sole issue on cross-appeal.

We reverse the trial court's judgment vacating the award of attorney's fees against Energy 1, affirm the trial court's judgment confirming the award of attorney's fees against Energy 2, and remand this case to the trial court to render judgment in accordance with the final arbitration award.


/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

190271F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WEH-SLMP INVESTMENTS, LLC, WEHII-SRPOII INVESTMENTS, LLC, AND WRANGLER ENERGY HOLDINGS II, LLC, Appellants

No. 05-19-00271-CV      V.

WRANGLER ENERGY, LLC AND WRANGLER ENERGY II, LLC, Appellees

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-08087.
Opinion delivered by Justice Reichek; Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment vacating the award of attorney's fees against Wrangler Energy, LLC. We **AFFIRM** the trial court's judgment confirming the award of attorney's fees against Wrangler Energy II, LLC. We **REMAND** this cause to the trial to render judgment in accordance with the final arbitration award.

It is **ORDERED** that appellants WEH-SLMP INVESTMENTS, LLC, WEHII-SRPOII INVESTMENTS, LLC, AND WRANGLER ENERGY HOLDINGS II, LLC recover their costs of this appeal from appellees WRANGLER ENERGY, LLC and WRANGLER ENERGY II, LLC .

Judgment entered this 2nd day of March, 2020.